Amy L. Lessa (SBN 202872)
    E-Mail:  alessa@fisherphillips.com
Darcey M. Groden (SBN 296492)
    E-Mail:  dgroden@fisherphillips.com
FISHER & PHILLIPS LLP
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile:  (858) 597-9601

Attorneys for Defendants Fresenius USA, Inc., Bio-Medical Applications of Mission Hills, Inc., Bio Medical Applications of California, Inc., and Fresenius Securities, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES CALDERON,<br><br>                         Plaintiff,<br><br>         v.<br><br>FRESENIUS USA, INC., BIO-MEDICAL APPLICATIONS OF MISSION HILLS, INC., BIO-MEDICAL APPLICATIONS OF CALIFORNIA, INC., BIO-MEDICAL APPLICATIONS OF CAMARILLO, INC., BIO-MEDICAL APPLICATIONS OF CARSON, INC., BIO-MEDICAL APPLICATIONS OF GLENDORA, INC., FRESENIUS MANAGEMENT SERVICES, INC., FRESENIUS HEALTH PARTNERS, INC., FRESENIUS SECURITIES, INC., and DOES 1 through 20, Inclusive,<br><br>                         Defendants. | Case No:<br><br>*[Los Angeles Superior Court Case No. 20STCV27571]*<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br><br><br><br><br><br><br><br><br><br><br><br><br>*State Court Complaint Filed: July 22, 2020*<br>*Trial Date:      None Set* |

FP 38455095.1

# TABLE OF CONTENTS

I.    PROCEDURAL HISTORY ................................................................ 1

II.   BASIS FOR REMOVAL JURISDICTION .................................... 2

    **A.**   Diversity Jurisdiction ...................................................... 2

         1.  Plaintiff's Citizenship .............................................. 2

         2.  Defendants' Citizenship ........................................... 3

         3.  Fraudulent Joinder .................................................. 7

               a.   No Employment Relationship ......................... 7

               b.   No Agency Liability ....................................... 8

               c.   Common Ownership or Financial Control ...................... 9

               d.   No Interrelation of Operations ........................ 10

               e.   No Centralized Control of Labor Relations ................... 11

               f.   Common Management ................................... 13

               g.   Not a Servant or Employee ........................... 13

               h.   Not A Partner ............................................ 14

               i.   No Alter Ego ............................................. 14

               j.   No Joint Venture ......................................... 14

               k.   No Joint Employment .................................. 15

               l.   No Conspiracy ........................................... 16

          4.  Amount in Controversy ......................................... 17

III.  TIMELINESS OF REMOVAL ................................................. 23

IV.  NOTICE PROVIDED TO STATE COURT AND PLAINTIFF ................. 23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FP 38455095.1

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allen v. R&H Oil & Gas Co.*,
   63 F.3d 1326 (5th Cir. 1995) ............................................................... 21

*Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*,
   465 F.2d 489 (9th Cir. 1972) ............................................................... 18

*Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*,
   320 U.S. 238 (1940) ............................................................................ 18

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
   135 S.Ct. 547 (2014) .......................................................................... 18

*Duin v. Allstate Ins. Co.*,
   No. 97CV1113JM (RBB), 1997 WL 813002 (S.D. Cal. Dec. 15,
   1997) ................................................................................................... 21

*Fischel v. Equitable Life Assurance Soc'y of U.S.*,
   307 F.3d 997 (9th Cir. 2002) ............................................................. 21

*Forer vs. St. Luke's Hospital,* United States District Court, N.D.
   California, 2001 WL 558058 (N.D. Cal. Mar. 21, 2001) .................... 20

*Gibson v. Chrysler Corp.*,
   261 F.3d 927 (9th Cir. 2001), *holding modified by Exxon Mobil
   Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) ..................... 19

*Harwood v. Option Care Enterprises, Inc.*,
   Case No. CV 19-1239-MWF, 2019 WL 1952692 (C.D. Cal. May
   2, 2019) ......................................................................................... 16, 17

*Kanter v. Warner-Lambert Co.*,
   265 F.3d 853 (9th Cir. 2001) ............................................................... 2

*Kantor v. Wellesley Galleries, Ltd.*,
   704 F.2d 1088 (9th Cir. 1983) ............................................................. 2

*Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*,
   199 F.Supp.2d 993 (C.D. Cal. 2002) ................................................ 18

1

*Kruso v. Int'l Tel. & Telegraph Corp.*,
   872 F.2d 1416 (9th Cir. 1989) .......................................................................... 7

*Lew v. Moss*,
   797 F.2d 747 (9th Cir. 1986) ............................................................................ 3

*Marcel v. Pool Co.*,
   5 F.3d 81 (5th Cir. 1983) ................................................................................ 21

*Marroquin v. Wells Fargo, LLC*,
   No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3,
   2011). ................................................................................................................ 2

*Miller v. Swiss Re Underwriters Agency, Inc.*,
   Case No. CV 09-09551 DDP, 2010 WL 935697 (C.D. Cal. Mar.
   15, 2010) ........................................................................................................... 9

*Mintzis v. Scott*,
   No. 2:14-CV-01799-CAS, 2014 WL 3818104 (C.D. Cal. July 30,
   2014.) ................................................................................................................ 3

*Mitchell v. United States*,
   88 U.S. 350 (1875) ........................................................................................... 2

*Mondragon v. Capital One Auto Fin.*,
   736 F.3d 880 (9th Cir. 2013) ............................................................................ 2

*Morris v. Princess Cruises, Inc.*,
   236 F.3d 1061 (9th Cir. 2001) .................................................................... 7, 17

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999) ....................................................................................... 23

*Newcombe v. Adolf Coors Co.*,
   157 F.3d 686 (9th Cir. 1998) ....................................................................... 6, 7

*Ontiveros v. Michaels Stores, Inc.*,
   No. CV 12-09437 MMM, 2013 WL 815975 (C. D. Cal. Mar. 5,
   2013) ............................................................................................................... 20

*Parker-Williams v. Charles Tini & Associates, Inc.*,
   53 F.Supp.3d 149 (D.D.C. 2014) ............................................................. 18, 21

TABLE OF AUTHORITIES

FP 38455095.1

*Raines v. U.S. Healthworks Med. Group,*
   Case No. 19-cv-1539-DMS-MSB, 2020 WL 3791661 (S.D. Cal.
   July 7, 2020) .......................................................................................... 13

*Richmond v. Allstate Ins. Co.,*
   897 F.Supp. 447 (S.D. Cal. 1995) ......................................................... 21

*Ritchey v. Upjohn Drug Co.,*
   139 F.3d 1313 (9th Cir. 1998) ................................................................. 7

*Rodriguez v. AT & T Mobility Servs. LLC,*
   728 F.3d 975 (9th Cir. 2013) ................................................................. 18

*Roth v. Comerica Bank,*
   799 F.Supp.2d 1107 (C.D. Cal. 2010) ................................................... 18

*S.E.C. v. Hickey,*
   332 F.3d 1123 (9th Cir. 2003) ............................................................... 14

*Saulic v. Symantec Corp.,*
   No. SA CV 07-610 AHS, 2007 WL 5074883 (C.D. Cal. Dec. 26,
   2007) ..................................................................................................... 18

*Simmons v. PCR Tech., Inc.,*
   209 F.Supp.2d 1029 (N.D. Cal. 2002) .................................................. 20

*Singer v. State Farm Mutual Auto. Ins. Co.,*
   116 F.3d 373 (9th Cir. 1997) ................................................................. 18

*State Farm Mut. Auto. Ins. Co. v. Dyer,*
   19 F.3d 514 (10th Cir. 1994) ................................................................... 2

*Steinley v. Health Net, Inc.,*
   No. CV 18-5458 PSG, 2018 WL 6985318 (C.D. Cal. Dec. 4,
   2018) ..................................................................................................... 17

*Thomas v. Aetna Health of Cal., Inc.,*
   Case No. Case No. 1:10-cv-01906-AWI-SKO, 2011 WL 2173715
   (E.D. Cal. June 2, 2011) .................................................................. 8, 14

*White v. J.C. Penney Life Ins. Co.,*
   861 F.Supp. 25 (S.D. W.Va. 1994) ....................................................... 18

3

FP 38455095.1

*Yang v. ActionNet, Inc.*,
No. 2:14-cv-00792-AB-PJW, 2016 WL 2748603 (C.D. Cal. Mar.
18, 2016) ............................................................................................ 22

**State Cases**

*Andrews vs. Hansa Stars Inc.,* Superior Court, Los Angeles County,
2009 WL 1587809 (Cal.Super. Apr. 16, 2009) ................................. 20

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*,
7 Cal.4th 503 (1994) ......................................................................... 16

*Bradley v. Dep't of Corrections & Rehabilitation*,
158 Cal.App.4th 1612 (2008) ........................................................... 15

*Janken v. GM Hughes Elecs.*,
46 Cal.App.4th 55 (1996) ................................................................. 17

*Jimenez v. U.S. Continental Mkting, Inc.*,
41 Cal.App.5th 189 (2019) ................................................................. 7

*Laird v. Capital Cities/ABC, Inc.*,
68 Cal.App.4th 727 (1998), *overruled on other grounds in Reid v.
Google, Inc.*, 50 Cal.4th 512 (2010) ........................................... 8, 10

*Leggins v. Thrifty Payless Inc. d/b/a Rite Aid*,
Los Angeles Superior Court Case No. BC511139, 2015 WL
4748037 (Cal. Super. July 17, 2015) ................................................ 21

*McCoy v. Pac. Maritime Assn.*,
216 Cal.App.4th 283 (2013) ............................................................. 16

*Silverman vs. Stuart F. Cooper Inc.*, Los Angeles County, 2013 WL
5820140 (Cal.Super. July 19, 2003) ................................................. 20

*Songco v. Century Quality Management, Inc.*,
Los Angeles Superior Court, 1997 WL 682397 (Cal.Super. Oct.
1997) ................................................................................................. 22

*Sonia Lozano v. Alcoa Inc., Alcoa Fastening Systems*,
Superior Court, Los Angeles County, 2006 WL 2561276
(Cal.Super. Apr. 19, 2006) ................................................................ 20

*Sonora Diamond Corp. v. Super. Ct.*,
83 Cal.App.4th 523 (2000) ................................................................. 9

4

FP 38455095.1

*Troyk v. Farmers Group, Inc.*,
    171 Cal.App.4th 1305 (2009) ........................................................ 14

*Unruh-Haxton v. Regents of Univ. of Cal.*,
    162 Cal.App.4th 343 (2008) .......................................................... 14

*Verdine v. McDonnel-Douglas Corporation et al.*,
    1998 WL 35471332 (Cal.Super. July 7, 1998) .............................. 22

*Vernon v. State of Cal.*,
    116 Cal.App.4th 114 (2004) .......................................................... 16

*Weinbauhm v. Goldfarb, Whitman & Cohen*,
    46 Cal.App.4th 1310 (1996) .......................................................... 17

**Federal Statutes**

28 U.S.C. § 1332(a) ............................................................................ 17

28 U.S.C. § 1332(c)(1) .......................................................................... 3

28 U.S.C. § 1446(b) ............................................................................ 23

**State Statutes**

Cal. Code Regs., Title 2, § 11008, subd. (c) ...................................... 13

Cal. Gov't Code § 12965(b) ............................................................... 21

**Rules**

Fed. R. Civ. P. 8 ................................................................................ 17

5

FP 38455095.1

**TO PLAINTIFF AND THE CLERK OF THE ABOVE ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants Fresenius USA, Inc.; Bio-Medical Applications of Mission Hills, Inc.; Bio Medical Applications of California, Inc., and Fresenius Securities, Inc. ("Defendants") hereby remove the above-referenced action of Plaintiff Dolores Calderon from the Superior Court of California, County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1332, 1441, and 1446. In support of removal, Defendants state as follows:

## I.    PROCEDURAL HISTORY

1.     On July 22, 2020, Plaintiff filed a Complaint in the Superior Court of California, County of Los Angeles entitled *Dolores Calderon v. Fresenius USA, Inc., Bio-Medical Applications of California, Inc., Bio-Medical Applications of Camarillo, Inc., Bio-Medical Applications of Carson, Inc., Bio-Medical Applications of Glendora, Inc., Fresenius Management Services, Inc., Fresenius Health Partners, Inc. Fresenius Securities, Inc., and Does 1 through 20, Inclusive*, Los Angeles County Superior Court Case No. 20STCV27571 ("Complaint"). The Complaint alleges causes of action against Defendants for: (1) disability discrimination in violation of Government Code § 12940(a); (2) failure to provide reasonable accommodation in violation of Government Code § 12940(m); (3) failure to engage in the interactive process in violation of Government Code § 12940(n); (4) retaliation for requesting an accommodation in violation of Government Code § 12940(m); and (5) wrongful termination in violation of public policy.

2.     Defendants Fresenius USA, Inc., Bio-Medical Applications of Mission Hills, Inc., Bio Medical Applications of California, Inc., and Fresenius Securities, Inc. were personally served with the Summons and Complaint on July 28, 2020. *See,* Declaration of Amy L. Lessa ("Lessa Decl.") ¶2. Attached hereto as **Exhibit A** is a true and correct copy of the Summonses and Complaint.

1

3.     On August 25, 2020, counsel for Defendants e-mailed Plaintiff's counsel to meet and confer regarding a proposed motion to dismiss based on deficiencies in the Complaint.  Lessa Decl. at ¶3.

4.     On August 26, 2020, Plaintiff's counsel e-mailed counsel for Defendants Fresenius USA, Inc., Bio-Medical Applications of Mission Hills, Inc., Bio Medical Applications of California, Inc., and Fresenius Securities, Inc. stating that they had filed a First Amended Complaint, were attaching a courtesy copy to the e-mail, and had served the First Amended Complaint.  Lessa Decl. at ¶4 and **Exhibit B**.  The proof of service to the First Amended Complaint states that it has been mail-served on Defendants' counsel.  *Id.*  The served Defendants had not yet appeared in the action nor did Plaintiff's counsel ask Defense counsel if they are authorized to accept mail-service of an amended complaint prior to Defendants appearing (they are not).  *Id.*

5.     Based on information and belief, there are no other pleadings on file in this matter.  Lessa Decl. at ¶5.

## II.   BASIS FOR REMOVAL JURISDICTION

### A.   <u>Diversity Jurisdiction</u>

#### 1.   *Plaintiff's Citizenship*

6.     To establish citizenship for diversity purposes, a natural person must be domiciled in a particular state.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Natural persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Residence is *prima facie* evidence of domicile.  *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011).  An existing domicile is presumed to continue.  *Mitchell v. United States*, 88 U.S. 350, 353 (1875)

2

("[D]omicile once acquired is presumed to continue until it is shown to have been changed."); *Mintzis v. Scott*, No. 2:14-CV-01799-CAS, 2014 WL 3818104, at *5 (C.D. Cal. July 30, 2014.)  It is presumed that a natural person's residence is also his domicile, and a party resisting this presumption bears the burden of producing contrary evidence.  *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

7.     Here, Plaintiff is a resident of and at all times relevant to the Complaint resided in the County of Los Angeles, State of California.  *See* Complaint ¶1. Accordingly, Plaintiff is domiciled in and a citizen of the State of California.

### 2.     *Defendants' Citizenship*

8.     A "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. §1332(c)(1).

9.     At the time of the filing of this action, Defendant Fresenius USA, Inc. was and continues to be a corporation organized under the laws of Massachusetts and with its principal place of business located in Waltham, Massachusetts.  *See,* Declaration of Rena Battles-Singleton ("Battles-Singleton Decl.") at  ¶12. Fresenius USA, Inc. is owned by Fresenius Medical Care Renal Therapies Group, LLC and Fresenius Securities, Inc. Fresenius Securities, Inc. is a wholly-owned subsidiary of Fresenius Medical Care Renal Therapies Group, LLC, which is a wholly owned subsidiary of Fresenius Medical Care Holdings, Inc. ("FMCH"). *Id.*  FMCH is indirectly owned by Fresenius Medical Care AG & Co. KGaA, whose ordinary shares are listed in the regulated market (Prime Standard) on the Frankfurt Stock Exchange and American Depositary Receipts evidencing the Company's ordinary shares are listed on the New York Stock Exchange (the "NYSE").  *Id* at ¶4.

10.     At the time of the filing of this action, Defendant Bio-Medical Applications of Mission Hills, Inc. was and continues to be a corporation organized

FP 38455095.1

under the laws of Delaware and with its principal place of business located in Waltham, Massachusetts.  *See,* Battles-Singleton Decl. at ¶4.   Bio-Medical Applications of Mission Hills, Inc. is a wholly-owned subsidiary of Bio-Medical Applications Management Company, Inc., which is in turn is wholly owned by National Medical Care, Inc., which is a wholly owned subsidiary of Fresenius Medical Care Holdings, Inc. ("FMCH").  *Id.*  FMCH is indirectly owned by Fresenius Medical Care AG & Co. KGaA, whose ordinary shares are listed in the regulated market (Prime Standard) on the Frankfurt Stock Exchange and American Depositary Receipts evidencing the Company's ordinary shares are listed on the New York Stock Exchange (the "NYSE").  *Id.*

11.    At the time of the filing of this action, Defendant Bio-Medical Applications of California, Inc. was and continues to be a corporation organized under the laws of Delaware and with its principal place of business located in Waltham, Massachusetts.  Battles-Singleton Decl. at ¶6.  Bio-Medical Applications of California, Inc. is a wholly-owned subsidiary of Bio-Medical Applications Management Company, Inc., which is in turn is wholly owned by National Medical Care, Inc. which is a wholly owned subsidiary of Fresenius Medical Care Holdings, Inc. ("FMCH").  *Id.*  FMCH is indirectly owned by Fresenius Medical Care AG & Co. KGaA, whose ordinary shares are listed in the regulated market (Prime Standard) on the Frankfurt Stock Exchange and American Depositary Receipts evidencing the Company's ordinary shares are listed on the New York Stock Exchange (the "NYSE").  *Id.* at ¶4.

12.    At the time of the filing of this action, Defendant Bio-Medical Applications of Camarillo, Inc. was and continues to be a corporation organized under the laws of Delaware and with its principal place of business located in Waltham, Massachusetts.  *See,* Battles-Singleton Decl. at ¶7.   Bio-Medical Applications of Camarillo, Inc. is a wholly-owned subsidiary of Bio-Medical Applications Management Company, Inc., which is in turn is wholly owned by

DEFENDANTS' NOTICE OF REMOVAL

FP 38455095.1

National Medical Care, Inc. which is a wholly owned subsidiary of Fresenius Medical Care Holdings, Inc. ("FMCH"). *Id.* FMCH is indirectly owned by Fresenius Medical Care AG & Co. KGaA whose ordinary shares are listed in the regulated market (Prime Standard) on the Frankfurt Stock Exchange and American Depositary Receipts evidencing the Company's ordinary shares are listed on the New York Stock Exchange (the "NYSE"). *Id.* at ¶4.

13.    At the time of the filing of this action, Defendant Bio-Medical Applications of Carson, Inc. was and continues to be a corporation organized under the laws of Delaware and with its principal place of business located in Waltham, Massachusetts. *See,* Battles-Singleton Decl. at ¶8. Bio-Medical Applications of Carson, Inc. is a wholly-owned subsidiary of Bio-Medical Applications Management Company, Inc., which is in turn is wholly owned by National Medical Care, Inc. which is a wholly subsidiary of Fresenius Medical Care Holdings, Inc. ("FMCH"). *Id.* FMCH is indirectly owned by Fresenius Medical Care AG & Co. KGaA whose ordinary shares are listed in the regulated market (Prime Standard) on the Frankfurt Stock Exchange and American Depositary Receipts evidencing the Company's ordinary shares are listed on the New York Stock Exchange (the "NYSE"). *Id.* at ¶4.

14.    At the time of the filing of this action, Defendant Bio-Medical Applications of Glendora, Inc. was and continues to be a corporation organized under the laws of Delaware and with its principal place of business located in Waltham, Massachusetts. *See,* Battles-Singleton Decl. at ¶9. Bio-Medical Applications of Glendora, Inc. is a wholly-owned subsidiary of Bio-Medical Applications Management Company, Inc., which is in turn is wholly owned by National Medical Care, Inc. which is a wholly owned subsidiary of Fresenius Medical Care Holdings, Inc. ("FMCH"). *Id.* FMCH is indirectly owned by Fresenius Medical Care AG & Co. KGaA whose ordinary shares are listed in the regulated market (Prime Standard) on the Frankfurt Stock Exchange and American

5

Depositary Receipts evidencing the Company's ordinary shares are listed on the New York Stock Exchange (the "NYSE").  *Id.* at ¶4.

15.    At the time of the filing of this action, Defendant Fresenius Management Services, Inc. was and continues to be a corporation organized under the laws of Delaware and with its principal place of business located in Waltham, Massachusetts.  *See,* Battles-Singleton Decl. at ¶10.  Fresenius Management Services, Inc. is a wholly-owned subsidiary of Bio-Medical Applications Management Company, Inc., which is in turn is wholly owned by National Medical Care, Inc. which is a wholly owned subsidiary of Fresenius Medical Care Holdings, Inc. ("FMCH").  *Id.*  FMCH is indirectly owned by Fresenius Medical Care AG & Co. KGaA whose ordinary shares are listed in the regulated market (Prime Standard) on the Frankfurt Stock Exchange and American Depositary Receipts evidencing the Company's ordinary shares are listed on the New York Stock Exchange (the "NYSE").  *Id.* at ¶4.

16.    At the time of the filing of this action, Defendant Fresenius Health Partners, Inc. was and continues to be a corporation organized under the laws of Delaware and with its principal place of business located in Waltham, Massachusetts.  *See,* Battles-Singleton Decl. at ¶11.  Fresenius Health Partners, Inc. is a wholly owned subsidiary of Fresenius Medical Care Holdings, Inc. ("FMCH").  *Id.*  FMCH is indirectly owned by Fresenius Medical Care AG & Co. KGaA whose ordinary shares are listed in the regulated market (Prime Standard) on the Frankfurt Stock Exchange and American Depositary Receipts evidencing the Company's ordinary shares are listed on the New York Stock Exchange (the "NYSE").  *Id.* at ¶4

17.    The Complaint also names as Defendants DOES 1-20 ("DOE Defendants").  Pursuant to 28 U.S.C. §1441(b)(1), the citizenship of Defendants sued under fictitious names is disregarded. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).  Accordingly, the citizenship of the alleged

1   DOE Defendants does not impact the diversity analysis for removal.

2   ### 3.   *Fraudulent Joinder*

3   18.   At the time of the filing of this action, Defendant Fresenius Securities,

4   Inc. is a corporation organized under the laws of California and with its principal

5   place of business located in Waltham, Massachusetts.  Declaration of Bryan Mello

6   ("Mello Decl.") ¶8.  Fresenius Securities, Inc. is a wholly-owned subsidiary of

7   Fresenius Medical Care Renal Therapies Group, LLC, which is a wholly owned

8   subsidiary of Fresenius Medical Care Holdings, Inc. ("FMCH").  *Id.*  FMCH is

9   indirectly owned by Fresenius Medical Care AG & Co. KGaA whose ordinary

10  shares are listed in the regulated market (Prime Standard) on the Frankfurt Stock

11  Exchange and American Depositary Receipts evidencing the Company's ordinary

12  shares are listed on the New York Stock Exchange (the "NYSE").  *Id.*

13  19.   The Court should disregard the citizenship of Fresenius Securities,

14  Inc.  Fraudulent joinder exists where there is no possibility that Plaintiff can prove

15  a cause of action against the resident (non-diverse) defendant.  *Ritchey v. Upjohn*

16  *Drug Co.*, 139 F.3d 1313, 1318-1319 (9th Cir. 1998); *Morris v. Princess Cruises,*

17  *Inc.*, 236 F.3d 1061, 1067-1068 (9th Cir. 2001).   When the Court evaluates

18  fraudulent joinder, Plaintiff is limited to the facts and causes of action alleged in

19  the complaint while Defendants can present additional facts demonstrating that

20  joinder was fraudulent.  *Ritchey*, *supra*, 139 F.3d at 1318; *Kruso v. Int'l Tel. &*

21  *Telegraph Corp.*, 872 F.2d 1416, 1426 n.12 (9th Cir. 1989).

22  ### a.  <u>No Employment Relationship</u>

23  20.   In order to establish liability under the FEHA, a plaintiff must

24  establish the existence of an employment relationship.  *Jimenez v. U.S. Continental*

25  *Mkting, Inc.*, 41 Cal.App.5th 189, 196-197 (2019).  If there is no employment

26  relationship under FEHA, then there is no employment relationship for purposes of

27  a wrongful termination in violation of public policy claim.  *Id.* at p. 201.

28  21.   Under this test, there is no possibility that Plaintiff can establish that

7

Fresenius Securities, Inc. is her employer because Plaintiff's employer is in fact Bio-Medical Applications of Mission Hills, Inc.  Battles-Singleton Decl. at ¶5; Mello Decl. at ¶6.  Indeed, Plaintiff paystubs identify her employer as Bio-Medical Applications of Mission Hills, Inc.  Battles-Singleton Decl. at ¶13 and **Exhibit 1**.

22.    Accordingly, in order for Fresenius Securities, Inc. to not be fraudulently joined, Plaintiff would have to have some chance of establishing liability under the theory that Fresenius Securities, Inc. was an "agent[], servant[], employee[], partner[], joint-venturer[], joint-employer[] or co-conspirator[]" of Bio-Medical Applications of Mission Hills, Inc.  (Compl. ¶6.)  "Legal conclusions are not entitled to the presumption of truth that is afforded to factual allegations." *Thomas v. Aetna Health of Cal., Inc.*, Case No. Case No. 1:10-cv-01906-AWI-SKO, 2011 WL 2173715, at *7 (E.D. Cal. June 2, 2011), *findings and recommendations adopted* 2011 WL 13240291 (E.D. Cal. Aug. 30, 2011) (denying motion to remand).  Plaintiff has no chance of establishing liability against Fresenius Securities, Inc. under any of these theories.

### b.  <u>No Agency Liability</u>

23.    Under the integrated enterprise test, an employee can hold a parent corporation liable for the acts or omissions of a subsidiary when there is an interrelation of operations, common management, centralized control of labor relations, and common ownership or financial control.  *Laird v. Capital Cities/ABC, Inc.*, 68 Cal.App.4th 727, 737-738 (1998), *overruled on other grounds in Reid v. Google, Inc.*, 50 Cal.4th 512, 524 (2010).  Common ownership or control is not enough to establish parent liability, and centralized control of labor relations is the more important.  *Id.* at 738.

24.    Here, there is no possibility that Plaintiff can establish the existence of an integrated enterprise.  As a matter of law, the integrated enterprise test does not apply to two corporations where one does not exercise control over another and merely shares common parentage: "The argument stretches the interrelated

FP 38455095.1

enterprise test too far.  The test hinges on whether one entity exercises an unusual degree of *control* over another legally separate, but related entity.  That a third entity . . . exercises control over both entities is not sufficient."  *Miller v. Swiss Re Underwriters Agency, Inc.*, Case No. CV 09-09551 DDP (JEMx), 2010 WL 935697, at *3 (C.D. Cal. Mar. 15, 2010) (denying plaintiff's motion to remand); *see* Mello Decl. ¶¶1-23.

25.  Even absent the *Miller* case, there still is no possibility that Plaintiff can establish the existence of an integrated enterprise.  In order for an agency relationship to exist, "The nature of the control exercised by the parent over the subsidiary necessary to put the subsidiary in an agency relationship with the parent must be over and above that to be expected as an incident of the parent's ownership of the subsidiary and must reflect the parent's purposeful disregard of the subsidiary's independent corporate existence.  [Citation.]  The parent's general executive control over the subsidiary is not enough; rather there must be a strong showing beyond simply facts evidencing 'the broad oversight typically indicated by [the] common ownership and common directorship' present in a normal parent-subsidiary relationship.  [Citation.]  As a practical matter, the parent must be shown to have moved beyond the establishment of general policy and direction for the subsidiary and in effect taken over performance of the subsidiary's day-to-day operations in carrying out that policy. [Citation]."  *Sonora Diamond Corp. v. Super. Ct.*, 83 Cal.App.4th 523, 542 (2000).

### c.  <u>Common Ownership or Financial Control</u>

26.  Fresenius Medical Care Holdings, Inc. ("FMCH"), which is not named in this action, is the parent company over all of the named defendants as well as thousands of other entities.  Mello Decl. at ¶4.  Fresenius Kidney Care is a trade name representing one of the twelve distinct business units under the FMCH umbrella of companies.  *Id.*  Fresenius Kidney Care is the dba under which the dialysis clinics operate.  *Id.* at ¶5.  It includes the team of nurses, dietitians, patient

9

FP 38455095.1

care technicians, social workers and financial coordinators in the clinical setting that helps patients with chronic kidney disease through inpatient, outpatient and home dialysis programs. *Id.*

27.    As an employee of Bio-Medical Applications of Mission Hills, Inc., Plaintiff works exclusively at dialysis clinics under the Fresenius Kidney Care business unit.  Mello Decl. at ¶6.  Defendants Bio-Medical Applications of California, Inc., Bio-Medical Applications of Camarillo, Inc., Bio-Medical Applications of Carson, Inc., and Bio-Medical Applications of Glendora, Inc. are also dialysis clinics under the same business unit ("collectively referred to as "the BMA defendants"). *Id.*

28.    The other business units under the FMCH umbrella of companies—including Fresenius Securities, Inc.—include manufacturing, vascular care, surgical centers, research, pharmaceuticals, lab services and physician solutions, among others.  Mello Decl. at ¶7.  These units do not do business as Fresenius Kidney Care and Plaintiff has never worked for any of these other business units.

### d.  <u>No Interrelation of Operations</u>

29.    In order to satisfy the interrelatedness of operations prong, the parent corporation must exert greater control over a subsidiary's operations than that which a parent would normally exercise over a subsidiary.  *Laird*, *supra*, 68 Cal.App.4th at 739.  Examples of such abnormal greater control include the parent corporation keeping the subsidiary's books, issuing the subsidiary's paychecks, paying the subsidiary's bills, sharing the subsidiary's employees, or sharing employees, headquarters, or office space with the subsidiary. *Id.*

30.    Fresenius Securities, Inc. is a holding company.  Mello Decl. at ¶9.  It does not manufacture anything, sell any products or services or conduct any other business operations. *Id.*  It does not have any employees. *Id.*  Since 1991, its sole purpose has been to hold 29% of the stock of a single entity, Fresenius USA, Inc. *Id.*  Fresenius Securities, Inc. is included in the Fresenius Consolidated Federal Tax

Return and has reflected zero activity throughout its existence.  *Id.*

31.     Fresenius USA, Inc. operates within the manufacturing and distribution business under FMCH.  Mello Decl. at ¶10.  It is entirely separate from the dialysis and direct patient care business under which Plaintiff works.  *Id.*

32.     Fresenius Securities, Inc. does not own any patents, trademarks, or other intellectual property relating to the other defendants' products or services. Mello Decl. at ¶11.

33.     Fresenius Securities, Inc. does not have any employees.  Mello Decl. at ¶12.  It has no payroll tax, no bank accounts, no balance sheet, no entry on the general ledger and no office space.  *Id.*  It does not file a separate tax return.  *Id.*

34.     Fresenius Securities, Inc. does not have any ownership interest, control over or input in the operations of Plaintiff's employer, Bio-Medical Applications of Mission Hills, Inc. or of any other dialysis clinic.  Mello Decl. at ¶13.

35.     Fresenius Securities, Inc. does not keep Bio-Medical Applications of Mission Hills, Inc.'s financial books, does not issue paychecks to Bio-Medical Applications of Mission Hills, Inc.'s employees, or pay its bills.  Mello Decl. at ¶14.  Fresenius Securities, Inc. also does not do these things for any other entity. *Id.*

36.     Fresenius Securities, Inc. has no assets and therefore does not commingle its assets with Bio-Medical Applications of Mission Hills, Inc. or any of the other defendants.  Mello Decl. at ¶16.

### e.  No Centralized Control of Labor Relations

37.     The principal place of business for each of the defendants is at the FMCH corporate headquarters in Waltham, Massachusetts.  Mello Decl. at ¶17. However, there is no centralized control over all of the defendants.  *Id.*  For example, as dialysis clinics, each of the BMA defendants has its own management team that runs the day-to-day business operations from locations outside of the

11

corporate headquarters.  *Id.* and Battles-Singleton Decl. at ¶15.  The officers of FMCH and of Fresenius Securities, Inc. do not participate in the day-to-day decision making for the various operating companies, like Bio-Medical Applications of Mission Hills, Inc. and the other dialysis clinics. *Id.*

38.    Bio-Medical Applications of Mission Hills, Inc. pays the wages, benefits, and taxes of its own employees (including Ms. Calderon); trains its own employees; has the authority to hire, transfer, promote, discipline, or discharge its own employees; and establishes the work schedules and assignments for its own employees.  Battles-Singleton Decl. at ¶14.  Fresenius Securities, Inc. has no part in any of Bio-Medical Applications of Mission Hills, Inc.'s oversight, duties or obligations to its employees, including Ms. Calderon. *Id.*

39.    Human Resources for the defendants is not centralized and is not directed from the Waltham, Massachusetts headquarters for all defendants. Battles-Singleton Decl. at ¶16; Mello Decl. at ¶18.  Fresenius Securities, Inc. has no human resources.  Mello Decl. at ¶18.  Fresenius USA, Inc. has a separate human resources team that oversees and supports the Global Manufacturing Quality Services business.  Battles-Singleton Decl. at ¶16; Mello Decl. at ¶18.  This HR team does not report to the Chief Human Resources Officer in Waltham, Massachusetts but to a different team in Germany. *Id.*

40.    Human resources for the dialysis clinics, including Bio-Medical Applications of Mission Hills, Inc., is part of a different team that is located in Texas, Louisiana, Illinois and Pennsylvania.  Battles-Singleton Decl. at ¶17; Mello Decl. at ¶19.   The day-to-day HR operations and support for the dialysis clinics are directed from these locations. *Id.*

41.    Fresenius Securities, Inc. does not have an Employee Handbook. Battles-Singleton Decl. at ¶18; Mello Decl. at ¶20.

42.    Fresenius Health Partners, Inc. owns insurance companies.  Battles-Singleton Decl. at ¶19; Mello Decl. at ¶21.  It has employment policies that differ

from and are not applicable to the other defendant entities.  *Id.*

43.     Transfers outside of business lines are not common and require the approval of Human Resources in addition to the management team of the operating entity to which the employee would like to transfer.  Battles-Singleton Decl. at ¶20; Mello Decl. at ¶22.  Such a move requires that employee to apply and interview for an open position with the company subject to regular selection criteria.  *Id.*  Employees cannot bounce around between the separate business units without undergoing a regimented process.  *Id.*

### f.  <u>Common Management</u>

44.     While there is some overlap, the officers and directors are not identical for all of the defendants.  Mello Decl. ¶12.  Bryan Mello holds the role of Assistant Treasurer for all of the defendants but shares that role with others.  *Id.*  For example, Mr. Mello is one of five assistant treasurers for Bio-Medical Applications of Mission Hills, Inc. and one of four assistant treasurers for Fresenius Securities, Inc.  *Id.*  Additionally, the entities have different Presidents.  Mark Costanzo is President for Fresenius Securities, Inc. while Michael Asselta is President for Bio-Medical Applications of Mission Hills, Inc.  *Id.*

45.     In sum, there is no possibility that Plaintiff can establish that Fresenius Securities, Inc. represented Bio-Medical Applications of Mission Hills, Inc. in any dealings with third-persons.  *Raines v. U.S. Healthworks Med. Group*, Case No. 19-cv-1539-DMS-MSB, 2020 WL 3791661, at *2-3 (S.D. Cal. July 7, 2020).

### g.  <u>Not a Servant or Employee</u>

46.     Plaintiff cannot establish liability against Fresenius Securities, Inc. as a servant or employee of the other Defendants because it is not an individual—it is a corporation.  Cal. Code Regs., tit. 2, § 11008, subd. (c) (under FEHA, an employee is "[a]ny <u>individual</u> under the direction and control of an employer . . .) (emphasis added); Mello Decl. at ¶8.

/ / /

DEFENDANTS' NOTICE OF REMOVAL

### h. **Not A Partner**

47.    Plaintiff cannot establish liability against Fresenius Securities, Inc. as a partner because it is not a partnership and it is not a partner in any other partnership.  Mello Decl. at ¶15.

### i. **No Alter Ego**

48.    Plaintiff cannot establish that Fresenius Securities, Inc. is an alter ego of Bio-Medical Applications of Mission Hills, Inc.  To establish an alter-ego theory of liability, Plaintiff must show: "(1) there is such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased, and (2) an adherence to the fiction of the separate existence of the corporation would . . . sanction a fraud or promote injustice." *S.E.C. v. Hickey*, 332 F.3d 1123, 1128 (9th Cir. 2003) (internal quotations omitted).

49.    To establish unity of interest and ownership exists between two entities, the Court must consider the commingling of assets, identical ownership, use of the same offices and employees, disregard of corporate formalities, identical directors and officers, and the use of one as a shell for the affairs of the other.  *Troyk v. Farmers Group, Inc.*, 171 Cal.App.4th 1305, 1342 (2009).  "Related corporations are presumed to be separate entities."  *Thomas*, *supra*, 2011 WL 2173715, at *8.

50.    For the same reasons as set forth above, there is no possibility that Plaintiff can establish that Fresenius Securities, Inc. is an alter ego of Bio-Medical Applications of Mission Hills, Inc.

### j. **No Joint Venture**

51.    There are three elements to a joint venture: (1) the members have control over the venture, (2) the members share the profits of the undertaking, (3) and the members have an ownership interest in the enterprise.  *Unruh-Haxton v. Regents of Univ. of Cal.*, 162 Cal.App.4th 343, 370 (2008).

52.    There is no possibility that Plaintiff can establish that Fresenius Securities, Inc. and Bio-Medical Applications of Mission Hills, Inc. are a joint

FP 38455095.1

venture.  Fresenius Securities, Inc.'s sole purpose is to hold 29% of the stock for a single entity, Fresenius USA, Inc.  Mello Decl. at ¶9.  Fresenius USA, Inc. is involved in manufacturing and distribution; Bio-Medical Applications of Mission Hills, Inc. operates a dialysis clinic.  (*Id.* at ¶¶5, 10.)  As such, they are not involved in the same venture or enterprise.

53.     Furthermore, Fresenius Securities, Inc. has no control over Bio-Medical Application of Missions Hills, Inc. or any of the other BMA Defendants, nor does it have an ownership interest in such an enterprise.   Mello Decl. at ¶¶8-10, 12-13.

54.     For these reasons and as set forth above, there is no possibility that Plaintiff can establish that Fresenius Securities, Inc. and Bio-Medical Applications of Mission Hills, Inc. are in a joint venture.

### k.  <u>No Joint Employment</u>

55.     Determining whether a joint employment relationship exists requires looking at a totality of the circumstances, including looking at the nature of the work relationship between the parties, with a particular emphasis on the employer's control over the employee's performance of employment duties.  *Bradley v. Dep't of Corrections & Rehabilitation*, 158 Cal.App.4th 1612, 1626 (2008).

56.     "Factors to be taken into account in assessing the relationship of the parties include payment of salary or other employment benefits and Social Security taxes, the ownership of the equipment necessary to performance of the job, the location where the work is performed, the obligation of the defendant to train the employee, the authority of the defendant to hire, transfer, promote, discipline or discharge the employee, the authority to establish work schedules and assignments, the defendant's discretion to determine the amount of compensation earned by the employee, the skill required of the work performed and the extent to which it is done under the direction of a supervisor, whether the work is part of the defendant's regular business operations, the skill required in the particular occupation, the

15

1   duration of the relationship of the parties, and the duration of the plaintiff's

2   employment." *Vernon v. State of Cal.*, 116 Cal.App.4th 114, 125 (2004).  While

3   there is no one dispositive factor, the most important factor is the right of the

4   employer to control the means and manners of the worker's performance. *McCoy*

5   *v. Pac. Maritime Assn.*, 216 Cal.App.4th 283, 302 (2013).

6       57.    In *Harwood v. Option Care Enterprises, Inc.*, Case No. CV 19-1239-

7   MWF (ASx), 2019 WL 1952692, at *7-8 (C.D. Cal. May 2, 2019), the Court denied

8   a motion to remand where defendants established that the non-diverse defendant

9   was a sham defendant: "Defendants have sufficiently established that [the sham

10  defendant] is a shell corporation with no employees, and only [another defendant]

11  had the right to control the means and manner of Plaintiff's employment. . . .

12  Because [the sham defendant] has no employees or managers, the Court finds that

13  Plaintiff could not possibly assert that [the sham defendant] oversaw day-to-day

14  operations and made personnel decisions affecting Plaintiff." *Id.* at *8.

15      58.    Like in *Harwood*, and as set forth above, Fresenius Securities, Inc. has

16  no employees, no right or ability to control the means and manner of Plaintiff's

17  employment, and no ability to oversee the day-to-day operations and make

18  personnel decisions affecting Plaintiff or other employees.   Accordingly, there is

19  no possibility that Plaintiff can establish that Fresenius Securities, Inc. and Bio-

20  Medical Applications of Mission Hills, Inc. are joint employers of Plaintiff.

21                      **l.  No Conspiracy**

22      59.    Plaintiff cannot establish liability against Fresenius Securities, Inc.

23  under the theory that it conspired with any of the other defendants.  Conspiracy

24  "allows tort recovery only against a party who already owes the duty and is not

25  immune from liability based on applicable substantive tort law principles." *Applied*

26  *Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 514 (1994).  As a matter

27  of law, a non-employer is "legally incapable" of conspiring to commit the tort of

28  wrongful discharge in wrongful termination in violation of public policy.

16

*Weinbauhm v. Goldfarb, Whitman & Cohen*, 46 Cal.App.4th 1310, 1315 (1996).

60.   Additionally, there can be no conspiracy between Fresenius Securities, Inc. because a corporation acts through its employees, Fresenius Securities, Inc. did not and does not have employees and therefore Fresenius Securities, Inc. could not have conspired with any other Defendant. *See Harwood*, *supra*, 2019 WL 1952692, at *8 (in the context of aiding and abetting under FEHA); *Janken v. GM Hughes Elecs.*, 46 Cal.App.4th 55, 78 (1996) ("Conspiracy is a concept closely allied with aiding and abetting. A conspiracy generally requires agreement plus an overt act causing damage. [Citation.] Aiding abetting requires no agreement, but simply assistance.").

61.   Accordingly, this Court should disregard the citizenship of Fresenius Securities, Inc. and dismiss it from this action pursuant to Federal Rule of Civil Procedure, Rules 20 and 21. The Complaint is devoid of any individualized facts supporting why any specific Defendant—including Fresenius Securities, Inc.—was named. Fed. R. Civ. P. 8; *Steinley v. Health Net, Inc.*, No. CV 18-5458 PSG (Skx), 2018 WL 6985318, at *5-6 (C.D. Cal. Dec. 4, 2018). More significantly, Plaintiff has no possibility of stating a claim against Fresenius Securities, Inc. for the reasons set forth above. *See Morris*, *supra*, 236 F.3d at 1067. Accordingly, Plaintiff's claims against Fresenius Securities, Inc. should severed from this action because Plaintiff has no viable claims whatsoever against it.

### 4.   Amount in Controversy

62.   The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. §1332(a).

63.   Plaintiff's Complaint does not identify the amount in controversy. *See*, **Exhibit A.**

64.   The $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome. When seeking removal of a state action to federal court

17

DEFENDANTS' NOTICE OF REMOVAL

based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See, Saulic v. Symantec Corp.*, No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, at *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014) (amount in controversy threshold in a disability discrimination case was undoubtedly met after taking into account Plaintiff's ability to recover unspecified amounts of compensatory damages, punitive damages, and attorneys' fees); *White v. J.C. Penney Life Ins. Co.,* 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding failure of plaintiff to plead specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining…to place a specific dollar claim upon its claim."). Defendants need only to establish by *a preponderance of evidence* that the claims exceed the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997).

65. Defendants adamantly deny Plaintiff's allegations, deny any liability, and deny Plaintiff has suffered any damages. Nevertheless, in assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). Further, a court must account for claims for not only compensatory damages but also punitive damages. *See, e.g.*, *Bell v. Preferred Life*

18

1   *Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1940) ("Where both actual

2   and punitive damages are recoverable under a complaint, each must be considered

3   to the extent claimed in determining jurisdictional amount."); *Gibson v. Chrysler*

4   *Corp.*, 261 F.3d 927, 945 (9th Cir. 2001), *holding modified by Exxon Mobil*

5   *Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) ("It is well established that

6   punitive damages are part of the amount in controversy in a civil action."). The

7   ultimate inquiry is what amount is put in controversy by a plaintiff's complaint, not

8   what the amount of a defendant's liability (if any) will ultimately be.

9       66.   In the instant case, Plaintiff's causes of action seek recovery of

10  compensatory damages, punitive damages, and attorneys' fees and costs. *See,*

11  Complaint at 8:23-25. Although Defendants deny Plaintiff's claims of wrongdoing

12  and his unspecified requests for relief thereon, the facial allegations in the

13  Complaint and total amount of estimated past and future lost income and benefits,

14  special damages, and exemplary (punitive) damages at issue are well in excess of

15  $75,000.

16      67.   ***Compensatory Damages.***   Plaintiff is still employed by Bio-Medical

17  Applications of Mission Hills, Inc., and her hourly rate of pay is $21.83/hour.

18  Battles-Singleton at ¶13. Notwithstanding that she is still employed by Bio-

19  Medical Applications of Mission Hills, Inc., Plaintiff alleges that her last day of

20  employment was March 20, 2020. *See,* Complaint ¶13. Her alleged termination

21  therefore occurred approximately 22 weeks prior to the date of this Petition for

22  Removal. Plaintiff's lost wages, for the sake of argument, are therefore at least

23  **$19,210.40** ($21.83/hour * 40 hours/week * 22 weeks). This amount does not

24  include any possible recovery of front-pay – which is lost income incurred

25  following judgment after trial.

26      68.   ***General Damages, Including Emotional Distress.***   Plaintiff also

27  seeks an unspecified amount of compensatory damages, which necessarily include

28  damages for emotional distress. Plaintiff in fact pleads that "she has been

FP 38455095.1

humiliated, suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages." *See*, Complaint ¶¶23, 30, 37, 43, and 48. Accordingly, it is very likely that Plaintiff will seek a substantial sum for emotional distress damages. *Simmons v. PCR Tech., Inc.*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002) ("emotional distress damages in a successful employment discrimination case may be substantial."). Recent verdicts in employment cases confirm that emotional distress awards may be substantial:

(a) *Sonia Lozano v. Alcoa Inc., Alcoa Fastening Systems*, Superior Court, Los Angeles County, 2006 WL 2561276 (Cal.Super. Apr. 19, 2006) (jury awarded the plaintiff **$9,065,000** after determining that the plaintiff was wrongfully terminated and that defendant intentionally inflicted emotional distress on her.)

(b) *Forer vs. St. Luke's Hospital*, United States District Court, N.D. California, 2001 WL 558058 (N.D. Cal. Mar. 21, 2001) (jury awarded **$260,000** for emotional distress in connection with the plaintiff's wrongful termination claim)

(c) *Andrews vs. Hansa Stars Inc.*, Superior Court, Los Angeles County, 2009 WL 1587809 (Cal.Super. Apr. 16, 2009) (in connection with wrongful termination claims, two of the plaintiffs awarded **$375,000** and **$225,000** for emotional distress damages.)

(d) *Silverman vs. Stuart F. Cooper Inc.*, Los Angeles County, 2013 WL 5820140 (Cal.Super. July 19, 2003) (jury awarded the plaintiff **$151,333** for past and future emotional distress in wrongful termination, FEHA discrimination, FEHA retaliation, FEHA harassment/failure to prevent discrimination and harassment, and failure to pay final wages and waiting time penalties case.) *See, Ontiveros v. Michaels Stores, Inc.*, No. CV 12-09437 MMM (FMOx), 2013 WL 815975, at *2 (C. D. Cal. Mar. 5, 2013) (a court may consider verdicts in similar cases when determining whether the amount in controversy exceeds the jurisdictional minimum where the complaint on its face does not identify a specific

DEFENDANTS' NOTICE OF REMOVAL

amount in controversy); *Marcel v. Pool Co.*, 5 F.3d 81, 83 (5th Cir. 1983) (court properly considered jury verdicts in other similar cases to reach conclusion that the amount in controversy exceeded $75,000.00).

69. ***Attorney's Fees***.  Plaintiff also seeks to recover an unspecified amount in attorneys' fees as to all of her FEHA causes of action.  *See* Complaint ¶¶24, 31, 38, 44, and at p. 8:25; Cal. Gov't Code §12965(b).  "When attorney fees are added into the equation," the conclusion that more than $75,000 is in controversy "becomes irresistible."  *Parker-Williams*, 53 F.Supp.3d at 153.   In the Ninth Circuit, district courts have the discretion to calculate fee awards using either the lodestar method or the "percentage-of-the-fund" method.  *Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002) (citations omitted). Even where "the Court lacks the information required to calculate [attorneys'] fees, it is difficult to believe that the amount in controversy here could be lower than $75,000 when the [attorneys'] fees are factored in along with compensatory and punitive damages."  *Parker-Williams*, 53 F.Supp.3d at 152.  It is also more than likely that Plaintiff's attorney's fees, alone, will exceed $75,000 if this matter goes to trial.

70. ***Punitive Damages***.   Plaintiff also seeks punitive damages.  *See,* Complaint ¶¶24, 31, 38, 44, 49 and at p. 8:24.  Many punitive damages verdicts against businesses exceed $75,000.00.   *See, Duin v. Allstate Ins. Co.*, No. 97CV1113JM (RBB), 1997 WL 813002, at *2 (S.D. Cal. Dec. 15, 1997) (since removing defendant was a corporation, "it [was] more likely that any award of punitive damages would exceed $75,000.00"); *see also, Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 451 (S.D. Cal. 1995); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (concluding that a punitive damages claim was "more likely than not" to exceed the jurisdictional amount of $75,000).   For instance, the Court might find useful the following punitive damages verdicts:

(a)   *Leggins v. Thrifty Payless Inc. d/b/a Rite Aid*, Los Angeles

21

Superior Court Case No. BC511139, 2015 WL 4748037 (Cal. Super. July 17, 2015) (Employee alleged wrongful termination, disability discrimination, harassment, and retaliation in violation of FEHA and the FMLA, and failure to prevent discrimination, harassment, and retaliation.  Jury verdict for the plaintiff in the amount of $8,769,128, including **$5,000,000 in punitive damages**, $213,213 for past economic loss, $1,055,915 for future economic loss, $1,500,000 for past non-economic loss, and $1,000,000 for future economic loss).

(b)  *Verdine v. McDonnel-Douglas Corporation et al.*, 1998 WL 35471332 (Cal.Super. July 7, 1998) (**$26,000,000 in punitive damages**, $544,205 in economic damages; and $1,500,000 in non-economic damages awarded in wrongful termination case).

(c)  *Yang v. ActionNet, Inc.*, No. 2:14-cv-00792-AB-PJW, 2016 WL 2748603 (C.D. Cal. Mar. 18, 2016) (wrongful termination case where $2,400,000 in compensatory damages and **$5,000,000 in punitive damages** awarded to the plaintiff).

(d)  *Songco v. Century Quality Management, Inc.*, Los Angeles Superior Court, 1997 WL 682397 (Cal.Super. Oct. 1997) (**$245,000 in punitive damages** on $17,982 in compensatory damages awarded in wrongful termination case).

71.  Although Defendants adamantly deny that any award of damages, let alone punitive damages, are recoverable, Plaintiff's prayer for punitive damages, by itself, also satisfies the $75,000 requirement.

72.  Based on the nature of the allegations and damages sought in the Complaint, the evidence is sufficient to establish that Plaintiff has placed in controversy an amount exceeding the jurisdictional amount of $75,000.00, exclusive of costs and interest.  Accordingly, this State Court action may be removed to the United States District Court for the Central District of California – Western Division because, at the time this action was filed and the present time,

diversity jurisdiction exists.

## III.   TIMELINESS OF REMOVAL

73.    Under 28 U.S.C. §1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise,…"  The 30-day period for removal is triggered once service occurs.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

74.    Defendants were served with the Complaint on July 28, 2020 and file this removal on August 27, 2020.  *See,* Lessa Decl. ¶2; *see also,* **Exhibit A** hereto. This Removal is accordingly timely.

## IV.   NOTICE PROVIDED TO STATE COURT AND PLAINTIFF

75.    Written notice of this Notice of Removal in the United States District Court for the Central District of California will be served on Plaintiff's counsel of record at Galante Law, Inc. and Rahul Sethi.  A copy of the Notice to Adverse Party of Removal of Action to Federal Court is attached hereto as **Exhibit C** (without exhibits because the exhibit is this Notice).  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of Los Angeles.  A copy of the Notice to State Court of Removal of Action to Federal Court is attached hereto as **Exhibit D** (without exhibits because the exhibit is this Notice).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DEFENDANTS' NOTICE OF REMOVAL

1    76.    Defendants respectfully request that the above-mentioned litigation

2   filed in the Superior Court of California, County of Los Angeles, be removed to

3   this Court based on diversity jurisdiction.

4   Dated:  August 27, 2020                    Respectfully submitted,

5                                              **FISHER & PHILLIPS LLP**

6

7                                   By:  /s/ Amy L. Lessa

8                                        Amy L. Lessa
                                         Darcey M. Groden

9                                        Attorneys for Defendants Fresenius
                                         USA, Inc., Bio-Medical Applications

10                                       of Mission Hills, Inc., Bio Medical
                                         Applications of California, Inc., and
                                         Fresenius Securities, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FP 38455095.1

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 07/22/2020 11:48 AM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk
20STCV27571

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FRESENIUS USA, INC., BIO-MEDICAL APPLICATIONS OF MISSION HILLS, INC., BIO-MEDICAL APPLICATIONS OF CALIFORNIA, INC., BIO-MEDICAL APPLICATIONS OF CAMARILLO, INC., (continued on next page)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DOLORES CALDERON

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California - County of Los Angeles
Stanley Mosk Courthouse
111 N. Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
20STCV27571

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Rahul Sethi (SBN 238405) SETHI LAW FIRM Tel: (213) 254-2454
5015 Eagle Rock Blvd., Suite 202
Los Angeles, CA 90041

DATE: 07/22/2020
*(Fecha)*

Sherri R. Carter Executive Officer / Clerk of Court
Clerk, by H. Flores-Hernandez , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Fresenius USA, Inc.
   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* July 28, 2020 @ 1:50 pm

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

## SUMMONS (CONTINUED)

(continued from prior page) BIO-MEDICAL APPLICATIONS OF CARSON, INC., BIO-MEDICAL APPLICATIONS OF GLENDORA, INC., FRESENIUS MANAGEMENT SERVICES, INC., FRESENIUS HEALTH PARTNERS, INC. FRESENIUS SECURITIES, INC., and DOES 1 through 20, Inclusive;

Electronically FILED by Superior Court of California, County of Los Angeles on 07/22/2020 11:49 AM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez, Deputy Clerk

20STCV27571

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Robert Broadbelt

1    BEN J. GALANTE (SBN 231394)
     *ben@galantelawinc.com*
2    GALANTE LAW, INC.
     2181 E. Foothill Blvd., Suite 101
3    Pasadena, CA 91107
     T: (213) 785-1900
4
     RAHUL SETHI (SBN 238405)
5      *rahulsethi@sethiworks.com*
     5015 Eagle Rock Blvd., Suite 202
6    Los Angeles, California 90041
     T: (213) 254-2454
7
8    Attorney for Plaintiff, DOLORES CALDERON

9           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10           **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

11

| | |
|---|---|
| 12 DOLORES CALDERON, | Case No.:   20STCV27571 |
| 13      Plaintiff, | **COMPLAINT** |
| 14    vs. | 1. DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940(a) |
| 15 FRESENIUS USA, INC., BIO-MEDICAL | |
| 16 APPLICATIONS OF MISSION HILLS, INC., BIO-MEDICAL APPLICATIONS OF | 2. FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF |
| 17 CALIFORNIA, INC., BIO-MEDICAL APPLICATIONS OF CAMARILLO, INC., BIO- | GOVERNMENT CODE § 12940(m) |
| 18 MEDICAL APPLICATIONS OF CARSON, INC., BIO-MEDICAL APPLICATIONS OF | 3. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN |
| 19 GLENDORA, INC., FRESENIUS MANAGEMENT SERVICES, INC., | VIOLATION OF GOVERNMENT CODE § 12940(n) |
| 20 FRESENIUS HEALTH PARTNERS, INC. | |
| 21 FRESENIUS SECURITIES, INC., and DOES 1 | 4. RETALIATION FOR REQUESTING AN ACCOMMODATION IN VIOLATION OF |
| 22 through 20, Inclusive; | GOVERNMENT CODE § 12940(m) |
| 23      Defendants. | 5. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY |
| 24 | **DEMAND FOR JURY TRIAL** |

25

26    Plaintiff Dolores Calderon hereby alleges:

27

28

- 1 -
COMPLAINT

## PRELIMINARY FACTS

1.     Plaintiff Dolores Calderon ("Plaintiff" or "Ms. Calderon") is, and at all relevant times mentioned herein was, an individual residing in Los Angeles County.

2.     Defendants Fresenius USA, Inc., Bio-Medical Applications of Mission Hills, Inc., Bio-Medical Applications of California, Inc., Bio-Medical Applications of Camarillo, Inc., Bio-Medical Applications of California, Inc., Bio-Medical Applications of Glendora, Inc., Fresenius Management, Inc., Fresenius Health Partners, Inc., Fresenius Securities, Inc., and DOES 1 through 20, and each of them, are collectively referred to herein as Fresenius.  These entities are formed under laws of various states, including Delaware and in the instance of Fresenius Securities, Inc., California.

3.     Plaintiff is informed and believes and thereon alleges these defendants are a single integrated enterprise, with common ownership, common management, interrelationship of operations, and centralized over labor relations.

4.     Fresenius has substantial operations in California and operates several kidney care and dialysis centers throughout the state under the name of "Fresenius Kindey Care."

5.     Plaintiff is ignorant of the true names and capacities of the Defendants sued as DOES 1 through 20, inclusive, and therefore sues said defendants by those fictitious names.  Plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities when they have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the unlawful actions, policies and practices alleged in this Complaint.

6.     Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned herein, Defendants, and each of them, were the agents, servants, employees, partners, joint-venturers, joint-employers or co-conspirators of each other defendant, and that each defendant was acting within the course, scope and authority of such agency, employment, partnership, joint venture or conspiracy, and that each defendant, directly or indirectly, authorized, ratified and approved the acts of the remaining defendants, and each of them.

7.    Los Angeles Superior Court is the proper venue because the claims and injuries occurred in Los Angeles and because the amount in controversy exceeds the jurisdictional minimum of this Court.

## GENERAL ALLEGATIONS

8.    Beginning in or around 2007, Ms. Calderon was employed by Fresenius as a full-time dialysis technician at Fresenius' kidney care clinic in Mission Hills, California.  Ms. Calderon is currently 56 years old.

9.    In or about March 2014 Ms. Calderon injured her back at work.  This injury, which affected Ms. Calderon's musculoskeletal and neurological systems, constituted a physical disability and medical condition limiting major life activities including lifting.  Ms. Calderon submitted a workers' compensation claim and Fresenius was aware of Ms. Calderon's injury.

10.    Ms. Calderon was placed on modified work duties by her doctor with the requirement that she not lift over 10 pounds, and Ms. Calderon requested that Fresenius reasonably accommodate this modified duties requirement.  Ms. Calderon was able to perform the essential functions of her position with this modification and/or was able to perform the essential functions of vacant positions to which she could have been reassigned as a reasonable accommodation.

11.    This medical restriction was in place between 2014 and the date of Ms. Calderon's termination, and Ms. Calderon ably and competently performed her job duties of her position over the course of the 6 years the restriction was in place.

12.    In or about December 2019, a new manager started at the clinic and shortly thereafter began harassing Ms. Calderon as a result of her work restrictions.  This harassment included changing Ms. Calderon's schedule to the graveyard shift, which she was not previously required to work.

13.    On or about March 16, 2020, Ms. Calderon's manager informed her that she was being terminated from employment because of her medical restriction, and informed Ms. Calderon that she "needed everyone to be 100%" healthy to continue working.  Ms. Calderon's last day of employment

1  was March 20, 2020.

2      14.    At all relevant times mentioned herein, Fresenius was an employer within the meaning

3  of California's Fair Employment and Housing Act.  Ms. Calderon was an employee covered and

4  protected under the Act.

5      15.    Ms. Calderon is informed and believes and thereon alleges Fresenius' decision to

6  terminate her employment for the unlawful reasons stated herein were made by, authorized by, and

7  ratified by officers, directors and managing agents of Fresenius.

8      16.    Ms. Calderon has exhausted her administrative remedies by timely filing a complaint

9  of discrimination with the Department of Fair Employment & Housing and obtaining a Right-to-Sue

10  letters.  The DFEH Complaint and Right-to-Sue Notices are collectively attached as Exhibit 1 and

11  Exhibit 2.

12  

13  

**FIRST CAUSE OF ACTION**

Disability Discrimination in Violation of Government Code § 12940(a)

(Against all Defendants)

14  

15      17.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

16  preceding paragraphs as though fully set forth herein.

17      18.    At all relevant times mentioned herein, Fresenius was an employer within the meaning

18  of California's Fair Employment and Housing Act.  Plaintiff was an employee covered and protected

19  under the Act.

20      19.    *Government Code* § 12940(a) prohibits an employer from discriminating against an

21  employee because of an actual and/or perceived physical disability.

22      20.    At all times relevant herein, Plaintiff was a qualified individual with actual and/or

23  perceived past and future physical disabilities including, but not limited to, an injury to her back.  The

24  injuries to her back limited Plaintiff's ability to lift.  Despite her disabilities and/or perceived

25  disabilities, Plaintiff was able to perform the essential functions of her position with or without

26  reasonable accommodations.

27      21.    At all times relevant herein, Defendant was aware of Plaintiff's disabilities and/or

28  perceived her as disabled and knew that, despite her actual and/or perceived disabilities, Plaintiff

could perform the essential functions of her job with or without reasonable accommodation.

22.     Defendant terminated Plaintiff's employment.  Plaintiff's physical condition was a substantial motivating reason for the decision to terminate her employment.

23.     As a direct and proximate result, Plaintiff was harmed; she has been humiliated, suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages.

24.     Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum.  Pursuant to Civil Code § 3294, Plaintiff seeks exemplary damages against Defendant for its intentional malicious, oppressive, fraudulent conduct in disregard of Plaintiff's rights.  Pursuant to Government Code § 12965(b), Plaintiff seeks and award of attorney's fees and costs.

### SECOND CAUSE OF ACTION
Failure to Provide Reasonable Accommodation in Violation of Gov't Code § 12940(m)
(Against all Defendants)

25.     Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

26.     *Government Code* § 12940(m) provides that it is an unlawful employment practice for an employer to fail to make a reasonable accommodation for the known physical or mental disabilities of an employee.

27.     At all times relevant herein, Plaintiff was a qualified individual with actual and/or perceived past and future physical disabilities including, but not limited to, an injury to her back.  The injuries to her back limited Plaintiff's ability to lift.  Despite her disabilities and/or perceived disabilities, Plaintiff was able to perform the essential functions of her position with or without reasonable accommodations.

28.     At all times relevant herein, Defendant was aware of Plaintiff's disabilities and/or perceived her as disabled and knew that, despite her actual and/or perceived disabilities, Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

29.     Defendant failed to accommodate Plaintiff by, without limitation, refusing to continue

to allow her to continue to work with modified duties, failing to consider Plaintiff for alternate vacant positions, and terminating Plaintiff's employment.

30.     As a direct and proximate result, Plaintiff was harmed; she has been humiliated, suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages.

31.     Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum.  Pursuant to Civil Code § 3294, Plaintiff seeks exemplary damages against Defendant for its intentional malicious, oppressive, fraudulent conduct in disregard of Plaintiff's rights.  Pursuant to Government Code § 12965(b), Plaintiff seeks and award of attorney's fees and costs.

## THIRD CAUSE OF ACTION
Failure to Engage in the Interactive Process in Violation of Government Code § 12940(n)
(Against all Defendants)

32.     Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

33.     At all times relevant herein, pursuant to *Government Code* § 12940(n), Defendant had a mandatory duty to engage in a timely, good faith interactive process with Plaintiff to determine effective reasonable accommodations, if any, in response to Plaintiff's requests for reasonable accommodations.

34.     At all times relevant herein, Plaintiff was a qualified individual with actual and/or perceived past and future physical disabilities including, but not limited to, an injury to her back.  The injuries to her back limited Plaintiff's ability to lift.  Despite her disabilities and/or perceived disabilities, Plaintiff was able to perform the essential functions of her position with or without reasonable accommodations.

35.     At all times relevant herein, Defendant was aware of Plaintiff's disabilities and/or perceived her as disabled and knew that, despite her actual and/or perceived disabilities, Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

36.     At all relevant times, Plaintiff was willing to participate in an interactive process to

determine whether reasonable accommodations could be made so that she would be able to perform the essential job requirements, but Defendant failed to participate in a timely good faith interactive process with Plaintiff to determine whether reasonable accommodations could be made.

37.     As a direct and proximate result, Plaintiff was harmed; she has been humiliated, suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages.

38.     Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum.  Pursuant to Civil Code § 3294, Plaintiff seeks exemplary damages against Defendant for its intentional malicious, oppressive, fraudulent conduct in disregard of Plaintiff's rights.  Pursuant to Government Code § 12965(b), Plaintiff seeks and award of attorney's fees and costs.

## FOURTH CAUSE OF ACTION
Retaliation for Requesting Accommodation in Violation of Gov't Code § 12940(m)
(Against all Defendants)

39.     Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

40.     *Government Code* § 12940(m) provides that it is an unlawful employment practice for an employer to retaliate or otherwise discriminate against a person for requesting accommodation.

41.     At all times relevant herein, Plaintiff was a qualified individual with actual and/or perceived past and future physical disabilities including, but not limited to, an injury to her back.  The injuries to her back limited Plaintiff's ability to lift.  Plaintiff requested that Fresenius reasonably accommodate her ongoing modified duties requirement that she not lift over 10 pounds.

42.     Fresenius retaliated against Plaintiff as a result of her request for accommodation by, among other things, terminating her employment.

43.     As a direct and proximate result, Plaintiff was harmed; she has been humiliated, suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages.

44.     Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an

amount no less than the jurisdictional minimum.  Pursuant to Civil Code § 3294, Plaintiff seeks

exemplary damages against Defendant for its intentional malicious, oppressive, fraudulent conduct in

disregard of Plaintiff's rights.  Pursuant to Government Code § 12965(b), Plaintiff seeks and award of

attorney's fees and costs.

### FIFTH CAUSE OF ACTION
Wrongful Termination in Violation of Public Policy
(Against all Defendants)

45.     Plaintiff re-alleges and incorporates by reference each and every allegation of the

preceding paragraphs as though fully set forth herein.

46.     Defendant employed Plaintiff.  Defendant terminated Plaintiff's employment.

47.     Plaintiff was terminated because she suffered from a disability that limited her

physical capabilities in performing major life activities.  Thus the termination violated the public

policy stated in California's Fair Employment and Housing Act, Government Code § 12940(a).

48.     As a direct and proximate result, Plaintiff was harmed; she has been humiliated,

suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic

damages.

49.     Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an

amount no less than the jurisdictional minimum.  Pursuant to Civil Code § 3294, Plaintiff seeks

exemplary damages against Defendant for its intentional malicious, oppressive, fraudulent conduct in

disregard of Plaintiff's rights.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.      For compensatory damages, in an amount to be proven at trial.

2.      For punitive damages, in an amount to be proven at trial.

3.      For reasonable attorneys' fees and costs pursuant to Government Code § 12965(b).

4.      For declaratory relief that Defendant violated California's Fair Employment and

Housing Act.

5.      For injunctive relief prohibiting Defendant from continuing to violate California's Fair

- 8 -
COMPLAINT

Employment and Housing Act.

6.     For any other relief or damages allowed by law, or statutes not set out above and such further relief as the Court deems just and proper at conclusion of trial.

7.

## **DEMAND FOR JURY TRIAL**

Plaintiff Dolores Calderon hereby demands trial by jury.

Dated: July 21, 2020

GALANTE LAW, INC.
SETHI LAW FIRM


By  _Rahul Sethi_
       Ben Galante
       Rahul Sethi
Attorney for Plaintiff, DOLORES CALDERON

# EXHIBIT 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

May 21, 2020

Dolores Calderon

,

RE:    **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202005-10224121
       Right to Sue: Calderon / Bio-Medical Applications of Mission Hills, Inc. dba
       Fresenius Kidney Care of Mission Hills et al.

Dear Dolores Calderon,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 21, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

1
2
3
4

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

5   Dolores Calderon                                    DFEH No. 202005-10224121

6                              Complainant,

7   vs.

8   Bio-Medical Applications of Mission Hills, Inc. dba
    Fresenius Kidney Care of Mission Hills

9   ,

10  Fresenius Medical Care Holdings, Inc.

11  ,

12                              Respondents

13  _____

14  1. Respondent **Bio-Medical Applications of Mission Hills, Inc. dba Fresenius
    Kidney Care of Mission Hills**  is an **employer** subject to suit under the California

15  Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

16  2. Complainant **Dolores Calderon**, resides in the City of  State of .

17  3. Complainant alleges that on or about **March 20, 2020**, respondent took the

18  following adverse actions:

19  **Complainant was harassed** because of complainant's disability (physical or
    mental), medical condition (cancer or genetic characteristic), age (40 and over).

20

21  **Complainant was discriminated against** because of complainant's disability
    (physical or mental), medical condition (cancer or genetic characteristic), age (40

22  and over) and as a result of the discrimination was terminated, denied any
    employment benefit or privilege, denied reasonable accommodation for a disability,

23  denied work opportunities or assignments.

24  **Complainant experienced retaliation** because complainant requested or used a
    disability-related accommodation and as a result was terminated, denied any

25  employment benefit or privilege, denied reasonable accommodation for a disability.

26

27                              -1-

28  Date Filed: May 21, 2020

**Additional Complaint Details:** Dolores Calderon was employed as a dialysis technician by Bio-Medical Applications of Mission Hills, Inc. dba Fresenius Kidney Care of Mission Hills and Fresenius Medical Care Holdings, Inc. (collectively hereinafter "Fresenius"). Ms. Calderon worked at Fresenius' facility in Mission Hills, California. Ms. Calderon is currently 56 years old and has been employed by Fresenius for over 10 years. In or about March 2014 Ms. Calderon incurred an injury to her back at work, and was placed on modified duties by her doctor with the requirement that she not lift over 10 pounds. This medical restriction has been in place since 2014 and Ms. Calderon has able and competently performed her job duties since this time with the restriction in place. In or about December 2019, a new manager began harassing Ms. Calderon as a result of her work restrictions, including changing her schedule to the graveyard shift. On or about March 16, 2020, Plaintiff's manager informed her that she was being terminated from employment because of Ms. Calderon's medical restriction and informed Ms. Calderon that she "needed everyone to be 100%" healthy to continue working. Ms. Calderon's last day of employment was March 20, 2020. Fresenius failed to engage in a timely good faith interactive process with Ms. Calderon, failed to accommodate her disability, and terminated Ms. Calderon as a result of her disability, in retaliation for requesting an accommodation, and as a result of her age.

-2-
*Complaint – DFEH No. 202005-10224121*

Date Filed: May 21, 2020

1   VERIFICATION

2   I, **Ben Galante**, am the **Attorney** in the above-entitled complaint.  I have read the
3   foregoing complaint and know the contents thereof.  The matters alleged are based
    on information and belief, which I believe to be true.

4
5   On May 21, 2020, I declare under penalty of perjury under the laws of the State of
    California that the foregoing is true and correct.

6                                                                        **Pasadena, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                          -3-
27
                             *Complaint – DFEH No. 202005-10224121*
28   Date Filed: May 21, 2020

# EXHIBIT 2



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

July 17, 2020

Ben Galante
2181 E. Foothill Blvd., Suite 101
Pasadena, California 91107

RE:   **Notice to Complainant's Attorney**
       DFEH Matter Number: 202005-10224121
       Right to Sue: Calderon / Bio-Medical Applications of Mission Hills, Inc. dba
       Fresenius Kidney Care of Mission Hills

Dear Ben Galante:

Attached is a copy of your **amended** complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original
complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure
and Right to Sue issued in this case remains the only such notice provided by the
DFEH.  (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Dolores Calderon                                    DFEH No. 202005-10224121

                                    Complainant,

vs.

Bio-Medical Applications of Mission Hills, Inc. dba
Fresenius Kidney Care of Mission Hills
,

Fresenius Medical Care Holdings, Inc.
,

Fresenius USA, Inc.
,

Fresenius Kidney Care
,

                                    Respondents

---

1. Respondent **Bio-Medical Applications of Mission Hills, Inc. dba Fresenius Kidney Care of Mission Hills** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Dolores Calderon**, resides in the City of  State of .

3. Complainant alleges that on or about **March 20, 2020**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over).

**Complainant was discriminated against** because of complainant's disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over) and as a result of the discrimination was terminated, denied any

-1-
*Complaint – DFEH No. 202005-10224121*

Date Filed: May 21, 2020
Date Amended: July 17, 2020

1  employment benefit or privilege, denied reasonable accommodation for a disability,
2  denied work opportunities or assignments.

3  **Complainant experienced retaliation** because complainant requested or used a
   disability-related accommodation and as a result was terminated, denied any
4  employment benefit or privilege, denied reasonable accommodation for a disability.

5

6  **Additional Complaint Details:** Dolores Calderon was employed as a dialysis
   technician by Bio-Medical Applications of Mission Hills, Inc. dba Fresenius Kidney
7  Care of Mission Hills, Fresenius USA, Inc., Fresenius Medical Care Holdings, Inc.,
   and other Fresenius Kidney Care entities (collectively hereinafter "Fresenius"). Ms.
8  Calderon worked at Fresenius' facility in Mission Hills, California. Ms. Calderon is
   currently 56 years old and has been employed by Fresenius for over 10 years. In or
9  about March 2014 Ms. Calderon incurred an injury to her back at work, and was
10 placed on modified duties by her doctor with the requirement that she not lift over 10
   pounds. This medical restriction has been in place since 2014 and Ms. Calderon
11 has able and competently performed her job duties since this time with the restriction
   in place. In or about December 2019, a new manager began harassing Ms.
12 Calderon as a result of her work restrictions, including changing her schedule to the
   graveyard shift. On or about March 16, 2020, Plaintiff's manager informed her that
13 she was being terminated from employment because of Ms. Calderon's medical
14 restriction and informed Ms. Calderon that she "needed everyone to be 100%"
   healthy to continue working. Ms. Calderon's last day of employment was March 20,
15 2020. Fresenius failed to engage in a timely good faith interactive process with Ms.
   Calderon, failed to accommodate her disability, and terminated Ms. Calderon as a
16 result of her disability, in retaliation for requesting an accommodation, and as a
   result of her age.
17

18

19

20

21

22

23

24

25

26

27                                          -2-

28 Date Filed: May 21, 2020
   Date Amended: July 17, 2020

VERIFICATION

I, **Ben Galante**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On July 17, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Pasadena, California**

-3-
*Complaint – DFEH No. 202005-10224121*

Date Filed: May 21, 2020
Date Amended: July 17, 2020

# EXHIBIT B

BEN J. GALANTE (SBN 231394)
   *ben@galantelawinc.com*
GALANTE LAW, INC.
2181 E. Foothill Blvd., Suite 101
Pasadena, CA 91107
T: (213) 785-1900

RAHUL SETHI (SBN 238405)
   *rahulsethi@sethiworks.com*
5015 Eagle Rock Blvd., Suite 202
Los Angeles, California 90041
T: (213) 254-2454

Attorney for Plaintiff, DOLORES CALDERON

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| DOLORES CALDERON,<br><br>                Plaintiff,<br><br>  vs.<br><br>FRESENIUS USA, INC., BIO-MEDICAL APPLICATIONS OF MISSION HILLS, INC., BIO-MEDICAL APPLICATIONS OF CALIFORNIA, INC., BIO-MEDICAL APPLICATIONS OF CAMARILLO, INC., BIO-MEDICAL APPLICATIONS OF CARSON, INC., BIO-MEDICAL APPLICATIONS OF GLENDORA, INC., FRESENIUS MANAGEMENT SERVICES, INC., FRESENIUS HEALTH PARTNERS, INC. FRESENIUS SECURITIES, INC., and DOES 1 through 20, Inclusive;<br><br>                Defendants. | Case No.: 20STCV27571<br><br>**FIRST AMENDED COMPLAINT**<br><br>Hon. Robert B. Broadbelt, Judge, Dept. 53<br><br>1.  DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940(a)<br>2.  FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF GOVERNMENT CODE § 12940(m)<br>3.  FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF GOVERNMENT CODE § 12940(n)<br>4.  RETALIATION FOR REQUESTING AN ACCOMMODATION IN VIOLATION OF GOVERNMENT CODE § 12940(m)<br>5.  WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Dolores Calderon hereby alleges:

## **PRELIMINARY FACTS**

1.      Plaintiff Dolores Calderon ("Plaintiff" or "Ms. Calderon") is, and at all relevant times mentioned herein was, an individual residing in Los Angeles County.

2.      Defendants Fresenius USA, Inc., Bio-Medical Applications of Mission Hills, Inc., Bio-Medical Applications of California, Inc., Bio-Medical Applications of Camarillo, Inc., Bio-Medical Applications of California, Inc., Bio-Medical Applications of Glendora, Inc., Fresenius Management, Inc., Fresenius Health Partners, Inc., Fresenius Securities, Inc. ("Named Defendants"), and DOES 1 through 20, and each of them, ("Doe Defendants") are collectively referred to herein as FRESENIUS.  These entities are formed under laws of various states, including Delaware. In the instance of Fresenius Securities, Inc., it is formed under the laws of the State of California.

3.      Plaintiff is informed and believes and thereon alleges these defendants are a single integrated enterprise, with common ownership, common management, interrelationship of operations, and centralized control over labor relations.

4.      The Named Defendants and Doe Defendants have common management.  William Valle is the Chief Executive Officer for each distinct legal entity, Karen Gledhill is the Secretary for each distinct legal entity, Peter Gladitsch is the Chief Financial Officer for each distinct legal entity, Bryan Mello is the Treasurer for each distinct legal entity.

5.      The Named Defendants and Doe Defendants have interrelationship of operations. FRESENIUS presents itself to its employees and the public as a single integrated enterprise doing business as Fresenius Kidney Care and/or Fresenius Kidney Care, North America.  The Named Defendants and Doe Defendants operate in unity to manufacture, distribute dialysis products and services.  The corporate headquarters for each entity is the same, located at 920 Winter Street, Waltham, Massachusetts where decisions regarding corporate planning and policies for FRESENIUS are made.

6.      The Named Defendants and Doe Defendants have centralized control over labor relations.  Human Resources is directed from the Waltham headquarters. Each employee of FRESENIUS, regardless of legal entity or location, is subject to the policies and procedures stated in

---

- 2 -
FIRST AMENDED COMPLAINT

a singular employee handbook.  FRESENIUS'S paychecks to its employees, regardless of legal entity or location, identify the Waltham address as the location of FRESENIUS.  FRESNIUS employees have the potential to transfer from one legal entity to another subject to the approval of human resources.

7.    The Named Defendants and Doe Defendants have the same ownership. The parent and holding companies include among others, Defendant Fresenius Securities, Inc.  Plaintiff is informed and believes and thereon alleges Defendant Fresenius Securities, Inc. owns significant portions of the other Named Defendants and Doe Defendants, that it owns patents, trademarks and other intellectual property relating to its products and services. Plaintiff helped provide such services during her employment and was subject to non-disclosure agreements that protected the intellectual property belonging to Defendant Fresenius Securities, Inc.

8.    Plaintiff is ignorant of the true names and capacities of the Defendants sued as DOES 1 through 20, inclusive, and therefore sues said defendants by those fictitious names.  Plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities when they have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the unlawful actions, policies and practices alleged in this Complaint.

9.    Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned herein, Defendants, and each of them, were the agents, servants, employees, partners, joint-venturers, joint-employers or co-conspirators of each other defendant, and that each defendant was acting within the course, scope and authority of such agency, employment, partnership, joint venture or conspiracy, and that each defendant, directly or indirectly, authorized, ratified and approved the acts of the remaining defendants, and each of them.

10.    Los Angeles Superior Court is the proper venue because the claims and injuries occurred in Los Angeles and because the amount in controversy exceeds the jurisdictional minimum of this Court.

## GENERAL ALLEGATIONS

11.     Beginning in or around 2007, Ms. Calderon was employed by Fresenius as a full-time dialysis technician at FRESENIUS'S kidney care clinic in Mission Hills, California.  Ms. Calderon is currently 56 years old.

12.     In or about March 2014 Ms. Calderon injured her back at work.  This injury, which affected Ms. Calderon's musculoskeletal and neurological systems, constituted a physical disability and medical condition limiting major life activities including lifting.  Ms. Calderon submitted a workers' compensation claim and Fresenius was aware of Ms. Calderon's injury.

13.     Ms. Calderon was placed on modified work duties by her doctor with the requirement that she not lift over 10 pounds, and Ms. Calderon requested that Fresenius reasonably accommodate this modified duties requirement.  Ms. Calderon was able to perform the essential functions of her position with this modification and/or was able to perform the essential functions of vacant positions to which she could have been reassigned as a reasonable accommodation.

14.     This medical restriction was in place between 2014 and the date of Ms. Calderon's termination, and Ms. Calderon ably and competently performed her job duties of her position over the course of the 6 years the restriction was in place.

15.     In or about December 2019, a new manager started at the clinic and shortly thereafter began harassing Ms. Calderon as a result of her work restrictions.  This harassment included changing Ms. Calderon's schedule to the graveyard shift, which she was not previously required to work.

16.     On or about March 16, 2020, Ms. Calderon's manager informed her that she was being terminated from employment because of her medical restriction, and informed Ms. Calderon that she "needed everyone to be 100%" healthy to continue working.  Ms. Calderon's last day of employment was March 20, 2020.

17.     At all relevant times mentioned herein, Fresenius was an employer within the meaning of California's Fair Employment and Housing Act.  Ms. Calderon was an employee covered and protected under the Act.

18.     Ms. Calderon is informed and believes and thereon alleges FRESENIUS'S decision to terminate her employment for the unlawful reasons stated herein were made by, authorized by, and ratified by officers, directors and managing agents of Fresenius.

19.     Ms. Calderon has exhausted her administrative remedies by timely filing a complaint of discrimination with the Department of Fair Employment & Housing and obtaining a Right-to-Sue letters.  The amended DFEH complaint and right-to-sue is attached as Exhibit 1.

**FIRST CAUSE OF ACTION**
Disability Discrimination in Violation of Government Code § 12940(a)
(Against all Defendants)

20.     Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

21.     At all relevant times mentioned herein, FRESENIUS was an employer within the meaning of California's Fair Employment and Housing Act.  Plaintiff was an employee covered and protected under the Act.

22.     *Government Code* § 12940(a) prohibits an employer from discriminating against an employee because of an actual and/or perceived physical disability.

23.     At all times relevant herein, Plaintiff was a qualified individual with actual and/or perceived past and future physical disabilities including, but not limited to, an injury to her back.  The injuries to her back limited Plaintiff's ability to lift.  Despite her disabilities and/or perceived disabilities, Plaintiff was able to perform the essential functions of her position with or without reasonable accommodations.

24.     At all times relevant herein, FRESENIUS was aware of Plaintiff's disabilities and/or perceived her as disabled and knew that, despite her actual and/or perceived disabilities, Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

25.     FRESENIUS terminated Plaintiff's employment.  Plaintiff's physical condition was a substantial motivating reason for the decision to terminate her employment.

26.     As a direct and proximate result, Plaintiff was harmed; she has been humiliated, suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic

damages.

27.     Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum.  Pursuant to Civil Code § 3294, Plaintiff seeks exemplary damages against FRESENIUS for its intentional malicious, oppressive, fraudulent conduct in disregard of Plaintiff's rights.  Pursuant to Government Code § 12965(b), Plaintiff seeks and award of attorney's fees and costs.

### SECOND CAUSE OF ACTION

Failure to Provide Reasonable Accommodation in Violation of Gov't Code § 12940(m)
(Against all Defendants)

28.     Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

29.     *Government Code* § 12940(m) provides that it is an unlawful employment practice for an employer to fail to make a reasonable accommodation for the known physical or mental disabilities of an employee.

30.     At all times relevant herein, Plaintiff was a qualified individual with actual and/or perceived past and future physical disabilities including, but not limited to, an injury to her back.  The injuries to her back limited Plaintiff's ability to lift.  Despite her disabilities and/or perceived disabilities, Plaintiff was able to perform the essential functions of her position with or without reasonable accommodations.

31.     At all times relevant herein, Defendant was aware of Plaintiff's disabilities and/or perceived her as disabled and knew that, despite her actual and/or perceived disabilities, Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

32.     Defendant failed to accommodate Plaintiff by, without limitation, refusing to continue to allow her to continue to work with modified duties, failing to consider Plaintiff for alternate vacant positions, and terminating Plaintiff's employment.

33.     As a direct and proximate result, Plaintiff was harmed; she has been humiliated, suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages.

34.      Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum.  Pursuant to Civil Code § 3294, Plaintiff seeks exemplary damages against FRESENIUS for its intentional malicious, oppressive, fraudulent conduct in disregard of Plaintiff's rights.  Pursuant to Government Code § 12965(b), Plaintiff seeks and award of attorney's fees and costs.

## THIRD CAUSE OF ACTION

Failure to Engage in the Interactive Process in Violation of Government Code § 12940(n)
(Against all Defendants)

35.      Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

36.      At all times relevant herein, pursuant to *Government Code* § 12940(n), FRESENIUS had a mandatory duty to engage in a timely, good faith interactive process with Plaintiff to determine effective reasonable accommodations, if any, in response to Plaintiff's requests for reasonable accommodations.

37.      At all times relevant herein, Plaintiff was a qualified individual with actual and/or perceived past and future physical disabilities including, but not limited to, an injury to her back.  The injuries to her back limited Plaintiff's ability to lift.  Despite her disabilities and/or perceived disabilities, Plaintiff was able to perform the essential functions of her position with or without reasonable accommodations.

38.      At all times relevant herein, FRESENIUS was aware of Plaintiff's disabilities and/or perceived her as disabled and knew that, despite her actual and/or perceived disabilities, Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

39.      At all relevant times, Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodations could be made so that she would be able to perform the essential job requirements, but Defendant failed to participate in a timely good faith interactive process with Plaintiff to determine whether reasonable accommodations could be made.

40.      As a direct and proximate result, Plaintiff was harmed; she has been humiliated, suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic

---

damages.

41.     Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum.  Pursuant to Civil Code § 3294, Plaintiff seeks exemplary damages against FRESENIUS for its intentional malicious, oppressive, fraudulent conduct in disregard of Plaintiff's rights.  Pursuant to Government Code § 12965(b), Plaintiff seeks and award of attorney's fees and costs.

## FOURTH CAUSE OF ACTION
Retaliation for Requesting Accommodation in Violation of Gov't Code § 12940(m)
(Against all Defendants)

42.     Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

43.     *Government Code* § 12940(m) provides that it is an unlawful employment practice for an employer to retaliate or otherwise discriminate against a person for requesting accommodation.

44.     At all times relevant herein, Plaintiff was a qualified individual with actual and/or perceived past and future physical disabilities including, but not limited to, an injury to her back.  The injuries to her back limited Plaintiff's ability to lift.  Plaintiff requested that Fresenius reasonably accommodate her ongoing modified duties requirement that she not lift over 10 pounds.

45.     Fresenius retaliated against Plaintiff as a result of her request for accommodation by, among other things, terminating her employment.

46.     As a direct and proximate result, Plaintiff was harmed; she has been humiliated, suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages.

47.     Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum.  Pursuant to Civil Code § 3294, Plaintiff seeks exemplary damages against FRESENIUS for its intentional malicious, oppressive, fraudulent conduct in disregard of Plaintiff's rights.  Pursuant to Government Code § 12965(b), Plaintiff seeks and award of attorney's fees and costs.

**FIFTH CAUSE OF ACTION**
Wrongful Termination in Violation of Public Policy
(Against all Defendants)

48.    Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

49.    FRESENIUS employed Plaintiff.  FRESENIUS terminated Plaintiff's employment.

50.    Plaintiff was terminated because she suffered from a disability that limited her physical capabilities in performing major life activities.  Thus the termination violated the public policy stated in California's Fair Employment and Housing Act, Government Code § 12940(a).

51.    As a direct and proximate result, Plaintiff was harmed; she has been humiliated, suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages.

52.    Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum.  Pursuant to Civil Code § 3294, Plaintiff seeks exemplary damages against FRESENIUS for its intentional malicious, oppressive, fraudulent conduct in disregard of Plaintiff's rights.

**SIXTH CAUSE OF ACTION**
Declaratory Relief
(Against All Defendants)

53.    Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

54.    There exists an actual controversy between Plaintiff and Defendants.  Plaintiff contends FRESENIUS (the Named Defendants and Doe Defendants) is a single, integrated enterprise. Plaintiff contends FRESENIUS is her employer. Defendants contend Plaintiff's employer is solely the legal entity, Defendant Bio-Medical Applications of Mission Hills, Inc for purposes of California employment and labor laws. This actual controversy effects Plaintiff's legal rights insofar as applicability of reasonable accommodation laws, interactive process laws, medical leave pursuant to California Family Rights Act and such. This actual controversy also effects other FRESENIUS employees insofar as that their legal rights are effected by the purported separateness of the various

legal entities.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For compensatory damages, in an amount to be proven at trial.

2.     For punitive damages, in an amount to be proven at trial.

3.     For reasonable attorneys' fees and costs pursuant to Government Code § 12965(b) and/or Code of Civil Procedure § 1021.5.

4.     For declaratory relief that Defendants violated California's Fair Employment and Housing Act and that Defendants are a single, integrated employer for purposes of labor and employment laws in California.

5.     For injunctive relief prohibiting Defendants from continuing to violate California's Fair Employment and Housing Act.

6.     For any other relief or damages allowed by law, or statutes not set out above and such further relief as the Court deems just and proper at conclusion of trial.

## **DEMAND FOR JURY TRIAL**

Plaintiff Dolores Calderon hereby demands trial by jury.

Dated: August 26, 2020            GALANTE LAW, INC.
                               SETHI LAW FIRM


By _Rahul Sethi_____
                         Ben Galante
                         Rahul Sethi
          Attorney for Plaintiff, DOLORES CALDERON

# Exhibit 1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Dolores Calderon                                    DFEH No. 202005-10224121

                              Complainant,

vs.

Bio-Medical Applications of Mission Hills, Inc. dba
Fresenius Kidney Care of Mission Hills
,

Fresenius Medical Care Holdings, Inc.
,

Fresenius USA, Inc.
,

Fresenius Kidney Care
,

Bio-Medical Applications of California, Inc.
,

Bio-Medical Applications of Camarillo, Inc.
,

Bio-Medical Applications of Carson, Inc.
,

Bio-Medical Applications of Glendora, Inc.
,

Fresenius Management Services, Inc.
,

Fresenius Health Partners, Inc.
,

-1-
*Complaint – DFEH No. 202005-10224121*

Date Filed: May 21, 2020
Date Amended: August 26, 2020

1  Fresenius Securities, Inc.

2  ,

3  Fresenius Kidney Care North America

4  ,

        Respondents
5  _____

6  1. Respondent **Bio-Medical Applications of Mission Hills, Inc. dba Fresenius**
7  **Kidney Care of Mission Hills** is an **employer** subject to suit under the California
   Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).
8
9  2. Complainant is naming **Fresenius Medical Care Holdings, Inc.** as individual
   Co-Respondent(s).
10
   Complainant is naming **Fresenius USA, Inc.** as individual Co-Respondent(s).
11
12 Complainant is naming **Fresenius Kidney Care** as individual Co-Respondent(s).

13 Complainant is naming **Bio-Medical Applications of California, Inc.** as individual
   Co-Respondent(s).
14
15 Complainant is naming **Bio-Medical Applications of Camarillo, Inc.** as individual
   Co-Respondent(s).
16
17 Complainant is naming **Bio-Medical Applications of Carson, Inc.** as individual
   Co-Respondent(s).
18
19 Complainant is naming **Bio-Medical Applications of Glendora, Inc.** as individual
   Co-Respondent(s).

20 Complainant is naming **Fresenius Management Services, Inc.** as individual Co-
   Respondent(s).
21
22 Complainant is naming **Fresenius Health Partners, Inc.** as individual Co-
   Respondent(s).
23
   Complainant is naming **Fresenius Securities, Inc.** as individual Co-Respondent(s).
24
25 Complainant is naming **Fresenius Kidney Care North America** as individual Co-
   Respondent(s).

26

27                                -2-
                 *Complaint – DFEH No. 202005-10224121*
28 Date Filed: May 21, 2020
   Date Amended: August 26, 2020

3. Complainant **Dolores Calderon**, resides in the City of  State of .

4. Complainant alleges that on or about **March 20, 2020**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over).

**Complainant was discriminated against** because of complainant's disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over) and as a result of the discrimination was terminated, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation and as a result was terminated, denied any employment benefit or privilege, denied reasonable accommodation for a disability.

**Additional Complaint Details:** Dolores Calderon was employed as a dialysis technician by Bio-Medical Applications of Mission Hills, Inc. dba Fresenius Kidney Care of Mission Hills, Fresenius USA, Inc., Fresenius Medical Care Holdings, Inc., Fresenius Securities, Inc., and other entities under the umbrella of Fresenius Kidney Care and/or Fresenius Kidney Care North America, including the named as Respondents herein, which function as an integrated enterprise  (collectively hereinafter "Fresenius").  Ms. Calderon worked at Fresenius' facility in Mission Hills, California.  Ms. Calderon is currently 56 years old and has been employed by Fresenius for over 10 years.  In or about March 2014 Ms. Calderon incurred an injury to her back at work, and was placed on modified duties by her doctor with the requirement that she not lift over 10 pounds.  This medical restriction has been in place since 2014 and Ms. Calderon has able and competently performed her job duties since this time with the restriction in place.  In or about December 2019, a new manager began harassing Ms. Calderon as a result of her work restrictions, including changing her schedule to the graveyard shift.  On or about March 16, 2020, Plaintiff's manager informed her that she was being terminated from employment because of Ms. Calderon's medical restriction and informed Ms. Calderon that she "needed everyone to be 100%" healthy to continue working.  Ms. Calderon's last day of employment was March 20, 2020.  Fresenius failed to engage in a timely good faith interactive process with Ms. Calderon, failed to accommodate her disability, and terminated Ms. Calderon as a result of her disability, in retaliation for requesting an accommodation, and as a result of her age.

Date Filed: May 21, 2020
Date Amended: August 26, 2020

1    VERIFICATION

2    I, **Ben Galante**, am the **Attorney** in the above-entitled complaint.  I have read the

3    foregoing complaint and know the contents thereof.  The matters alleged are based
     on information and belief, which I believe to be true.

4
     On August 26, 2020, I declare under penalty of perjury under the laws of the State of

5    California that the foregoing is true and correct.

6                                                              **Pasadena, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                           -4-
27                               *Complaint – DFEH No. 202005-10224121*

28    Date Filed: May 21, 2020
      Date Amended: August 26, 2020



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency       GAVIN NEWSOM, GOVERNOR

### DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

May 21, 2020

Dolores Calderon
,

RE:   **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202005-10224121
Right to Sue: Calderon / Bio-Medical Applications of Mission Hills, Inc. dba
Fresenius Kidney Care of Mission Hills et al.

Dear Dolores Calderon,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 21, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

## PROOF OF SERVICE

I, the undersigned, an employee of Sethi Law Firm, declare penalty of perjury that I am over the age of eighteen (18) and not a party to this matter, action or proceeding.

On August 26, 2020, I served the foregoing documents described as: FIRST AMENDED COMPLAINT, by placing

☐ the original of the document
☒ true copies of the document

in separate sealed envelopes addressed to the following party(ies) in this matter at the following address(es):

Amy Lessa
    alessa@fisherphillips.com
Darcey Groden
    dgroden@fisherphillips.com
**Fisher & Phillips LLP**
4747 Executive Drive, Suite 1000
San Diego, California 92121

Attorneys for Defendants,
FRESENIUS USA, INC., FRESENIUS
SECURITIES, INC., and BIO-MEDICAL
APPLICATIONS OF MISSION HILLS, INC.

**[X] BY U.S. MAIL** I deposited such envelope in the mail at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid.

I am readily familiar with my employer's practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day, which is stated in the proof of service, with postage fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

**[ ] BY ELECTORNIC SERVICE** Based on emergency orders permitting parties to accept electronic service, I caused the documents to be electronically transmitted to the persons at the electronic service addresses listed above. I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 26, 2020, at Los Angeles, California.

**[X] STATE** I declare under penalty of perjury under the laws of the state of California, that the above is true and correct. Executed on August 26, 2020, at Los Angeles, California.

*Rahul Sethi*
_____
Rahul Sethi

- 1 -

# EXHIBIT C

1   Amy L. Lessa (SBN 202872)
        E-Mail:  alessa@fisherphillips.com
2   Darcey M. Groden (SBN 296492)
        E-Mail:  dgroden@fisherphillips.com
3   FISHER & PHILLIPS LLP
    4747 Executive Drive, Suite 1000
4   San Diego, California 92121
    Telephone: (858) 597-9600
5   Facsimile:  (858) 597-9601

6   Attorneys for Defendants Fresenius USA, Inc., Bio-
    Medical Applications of Mission Hills, Inc., Bio
7   Medical  Applications  of  California,  Inc.,  and
    Fresenius Securities, Inc.

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10         **FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT**

11   DOLORES CALDERON,                    CASE NO.:   20STCV27571
                                          *[Unlimited Jurisdiction]*
12                 Plaintiff,
                                          *Assigned for all purposes to the*
13          v.                            *Honorable Robert B. Broadbelt, Dept. 53*

14   FRESENIUS USA, INC., BIO-MEDICAL     **DEFENDANTS' NOTICE TO ADVERSE**
     APPLICATIONS OF MISSION HILLS,       **PARTY OF REMOVAL TO FEDERAL**
15   INC., BIO-MEDICAL APPLICATIONS OF    **COURT**
     CALIFORNIA, INC., BIO-MEDICAL
16   APPLICATIONS OF CAMARILLO, INC.,
     BIO-MEDICAL APPLICATIONS OF
17   CARSON, INC., BIO-MEDICAL
     APPLICATIONS OF GLENDORA, INC.,
18   FRESENIUS MANAGEMENT SERVICES,
     INC., FRESENIUS HEALTH PARTNERS,
19   INC., FRESENIUS SECURITIES, INC., and
     DOES 1 through 20, Inclusive,
20
                   Defendants.            *Complaint Filed:   July 22, 2020*
21                                        *Trial Date:        None Set*

22

23   **TO PLAINTIFF AND HER COUNSEL OF RECORD:**

24          **PLEASE TAKE NOTICE THAT** on August 27, 2020, Defendants Fresenius USA, Inc.,

25   Bio-Medical Applications of Mission Hills, Inc., Bio Medical Applications of California, Inc.,

26   and Fresenius Securities, Inc. filed a Notice of Removal of this action from Superior Court of

27   California, County of Los Angeles to the United States District Court for the Central District of

28   California.  A true and correct copy of the Notice is attached hereto as **Exhibit A** (without re

                                          1

1   attaching this document as part of the exhibit).

2

3   DATE:  August 27, 2020                    **FISHER & PHILLIPS LLP**

4

5                                          By: _____

6                                          Amy L. Lessa
                                           Darcey M. Groden
7                                          Attorneys for Defendants Fresenius USA, Inc.
                                           Bio-Medical Applications of Mission Hills, Inc.,
8                                          Bio Medical Applications of California, Inc., and
                                           Fresenius Securities, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
**(CCP §§1013(a) and 2015.5)**

I, the undersigned, am at least 18 years old and not a party to this action.  I am employed in the County of San Diego with the law offices of Fisher & Phillips LLP and its business address is 4747 Executive Drive, Suite 1000, San Diego, California, 92121.

On August 27, 2020, I served the following document(s) **DEFENDANT'S NOTICE TO ADVERSE PARTY OF REMOVAL OF REMOVAL TO FEDERAL COURT** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Ben J. Galante (SBN 231394)<br>GALANTE LAW, INC.<br>2181 E. Foothill Blvd., Ste. 101<br>Pasadena, California  91107 | Tel:      (213) 785-1900<br>Fax:      (213) 867-9900<br>Email:   ben@galantelawinc.com<br><br>Attorneys for Plaintiff, DOLORES CALDERON |
| Rahul Sethi (SBN 238405)<br>SETHI LAW FIRM<br>5015 Eagle Rock Blvd., Ste. 202<br>Los Angeles, California  90041 | Tel:      (213) 254-2454<br>Fax:      (213) 995-5400<br>Email:   rahulsethi@sethiworks.com<br><br>Attorneys for Plaintiff, DOLORES CALDERON |

☐ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Diego California, in a sealed envelope with postage fully prepaid.

☐ **[by FAX]** - Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at fax number(s) listed above from fax number (858)597-9601.  The fax reported no errors.  A copy of the transmission report is attached.

☐ **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☒ **[by PERSONAL SERVICE]** - I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger – a copy of the Messenger Declaration is attached.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed August 27, 2020, at San Diego, California.

_____          By: _____
      Gwen Nuttall                                                    Signature
      Print Name

1
PROOF OF SERVICE

EXHIBIT C
NOTICE OF REMOVAL
PAGE 75

1

## DECLARATION OF MESSENGER

2

☐    **By personal service.**  I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening.  (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

3

4

5

6

7

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding. I served the envelope or package, as stated above, on August 28, 2020.

8

9

Name of person with whom package was left: [Name of Person]  Time:  [Time]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

10

11

Date: August 28, 2020

12

13

_____     _____
(NAME OF DECLARANT)             (SIGNATURE OF DECLARANT)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

FP 38453790.1

EXHIBIT C
NOTICE OF REMOVAL
PAGE 76

# EXHIBIT D

1   Amy L. Lessa (SBN 202872)
        E-Mail:  alessa@fisherphillips.com
2   Darcey M. Groden (SBN 296492)
        E-Mail:  dgroden@fisherphillips.com
3   FISHER & PHILLIPS LLP
    4747 Executive Drive, Suite 1000
4   San Diego, California 92121
    Telephone: (858) 597-9600
5   Facsimile:  (858) 597-9601

6   Attorneys for Defendants Fresenius USA, Inc., Bio-
    Medical Applications of Mission Hills, Inc., Bio
7   Medical   Applications   of   California,   Inc.,   and
    Fresenius Securities, Inc.

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10         **FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT**

| 11 | DOLORES CALDERON, | CASE NO.:  20STCV27571 |
|----|-------------------|------------------------|

11   DOLORES CALDERON,                    CASE NO.:  20STCV27571
                                          *[Unlimited Jurisdiction]*
12                  Plaintiff,
                                          *Assigned for all purposes to the*
13       v.                               *Honorable Robert B. Broadbelt, Dept. 53*

14   FRESENIUS USA, INC., BIO-MEDICAL     **DEFENDANTS' NOTICE TO STATE**
     APPLICATIONS OF MISSION HILLS,       **COURT OF REMOVAL OF ACTION TO**
15   INC., BIO-MEDICAL APPLICATIONS OF    **FEDERAL COURT**
     CALIFORNIA, INC., BIO-MEDICAL
16   APPLICATIONS OF CAMARILLO, INC.,
     BIO-MEDICAL APPLICATIONS OF
17   CARSON, INC., BIO-MEDICAL
     APPLICATIONS OF GLENDORA, INC.,
18   FRESENIUS MANAGEMENT SERVICES,
     INC., FRESENIUS HEALTH PARTNERS,
19   INC., FRESENIUS SECURITIES, INC., and
     DOES 1 through 20, Inclusive,
20
                    Defendants.           Complaint Filed: July 22, 2020
21                                         Trial Date:      None Set

22          PLEASE TAKE NOTICE THAT on August 27, 2020, Defendants Fresenius USA, Inc.,

23   Bio-Medical Applications of Mission Hills, Inc., Bio Medical Applications of California, Inc.,

24   and Fresenius Securities, Inc. filed with the United States District Court for the Central District

25   of California its Notice of Removal of this action, a true and correct copy of which is attached

26   hereto as **Exhibit A** (without re-attaching this document as part of the exhibit).

27          Pursuant to 28 U.S.C. section 1446(d), the filing of the aforesaid Notice of Removal in

28   the District Court, together with the filing of this Notice with this Court, effects the removal of

1

1  this action, and this Court may not proceed further with the above-captioned litigation unless and

2  until the case is remanded.

3

4     DATE:  August 27, 2020                    **FISHER & PHILLIPS LLP**

5

6                                              By: _____

7                                              Amy L. Lessa
                                               Darcey M. Groden
8                                              Attorneys for Defendants Fresenius USA, Inc.
                                               Bio-Medical Applications of Mission Hills, Inc.,
9                                              Bio Medical Applications of California, Inc., and
                                               Fresenius Securities, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE TO STATE COURT OF REMOVAL OF ACTION TO FEDERAL COURT NOTICE OF REMOVAL
FP 38453716.1                                                          PAGE 79

**PROOF OF SERVICE**
**(CCP §§1013(a) and 2015.5)**

I, the undersigned, am at least 18 years old and not a party to this action.  I am employed in the County of San Diego with the law offices of Fisher & Phillips LLP and its business address is 4747 Executive Drive, Suite 1000, San Diego, California, 92121.

On August 27, 2020, I served the following document(s) **DEFENDANT'S NOTICE TO STATE COURT OF REMOVAL OF ACTION TO FEDERAL COURT** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Ben J. Galante (SBN 231394)<br>GALANTE LAW, INC.<br>2181 E. Foothill Blvd., Ste. 101<br>Pasadena, California  91107 | Tel:     (213) 785-1900<br>Fax:     (213) 867-9900<br>Email:   ben@galantelawinc.com<br><br>Attorneys for Plaintiff, DOLORES CALDERON |
| Rahul Sethi (SBN 238405)<br>SETHI LAW FIRM<br>5015 Eagle Rock Blvd., Ste. 202<br>Los Angeles, California  90041 | Tel:     (213) 254-2454<br>Fax:     (213) 995-5400<br>Email:   rahulsethi@sethiworks.com<br><br>Attorneys for Plaintiff, DOLORES CALDERON |

☐     **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Diego California, in a sealed envelope with postage fully prepaid.

☐     **[by FAX]** - Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at fax number(s) listed above from fax number (858)597-9601.  The fax reported no errors.  A copy of the transmission report is attached.

☐     **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☐     **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☒     **[by PERSONAL SERVICE]** - I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger – a copy of the Messenger Declaration is attached.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed August 27, 2020, at San Diego, California.

| | |
|---|---|
| _____<br>Gwen Nuttall<br>Print Name | By: _____<br>Signature |

1
PROOF OF SERVICE

EXHIBIT D
NOTICE OF REMOVAL
PAGE 80

**DECLARATION OF MESSENGER**

☐     **By personal service.**  I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening.  (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding. I served the envelope or package, as stated above, on August 28, 2020

Name of person with whom package was left: [Name of Person]  Time:  [Time]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 28, 2020

_____          _____
(NAME OF DECLARANT)                                      (SIGNATURE OF DECLARANT)

## CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On August 27, 2020 I served the foregoing document entitled **DEFENDANTS' NOTICE OF REMOVAL** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Ben J. Galante (SBN 231394)<br>GALANTE LAW, INC.<br>2181 E. Foothill Blvd., Ste. 101<br>Pasadena, California 91107 | Tel:    (213) 785-1900<br>Fax:    (213) 867-9900<br>Email:  ben@galantelawinc.com<br><br>Attorneys for Plaintiff, DELORES CALDERON |
| Rahul Sethi (SBN 238405)<br>SETHI LAW FIRM<br>5015 Eagle Rock Blvd., Ste. 202<br>Los Angeles, California 90041 | Tel:    (213) 254-2454<br>Fax:    (213) 995-5400<br>Email:  rahulsethi@sethiworks.com<br><br>Attorneys for Plaintiff, DELORES CALDERON |

☐ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by FAX]** - I caused the aforementioned document(s) to be telefaxed to the aforementioned facsimile number(s). *The facsimile machine I used complied with California Rules of Court, Rule 2003(3) and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2005(i), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration and/or no error was reported by the machine.*

1

FP 38455095.1

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express.  Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☒ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s).  Such messenger is over the age of eighteen years and not a party to the within action and employed with American Messenger Service, whose business address is 3330 Market Street, Suite C, San Diego, California 92102.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed August 27, 2020 at San Diego, California.

Gwen Nuttall                    By: _____
_____
Print Name                                          Signature

2

FP 38455095.1