BEN J. GALANTE (SBN 231394)
   ben@galantelawinc.com
GALANTE LAW, INC.
2181 E. Foothill Blvd., Suite 101
Pasadena, CA 91107
T: (213) 785-1900

RAHUL SETHI (SBN 238405)
   rahulsethi@sethiworks.com
5015 Eagle Rock Blvd., Suite 202
Los Angeles, California 90041
T: (213) 254-2454

Attorney for Plaintiff,
DOLORES CALDERON

FILED
CLERK, U.S. DISTRICT COURT
12/04/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___WH___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES CALDERON,<br><br>   Plaintiff,<br><br> vs.<br><br>BIO-MEDICAL APPLICATIONS OF MISSION HILLS, INC., FRESENIUS MANAGEMENT SERVICES, INC., BIO-MEDICAL APPLICATIONS MANAGEMENT COMPANY, INC.,<br><br>   Defendants. | Case No.: 2:20-cv-07869-PSG-JEM<br><br>[~~PROPOSED~~]<br>**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Dolores Calderon hereby alleges:

## NATURE OF CLAIMS

1.  Plaintiff Dolores Calderon contends defendants Bio-Medical Applications of Missions Hills, Inc., Fresenius Management Services, Inc., and Bio-Medical

Applications Management Company, Inc., are a single integrated enterprise and her former employer. Ms. Calderon brings claims arising from California's Fair Employment and Housing Act, Government Code § 12940 *et seq.* for Disability Discrimination, Failure to Provide Reasonable Accommodation, Failure to Engage in the Interactive Process, Retaliation for Requesting Reasonable Accommodation and related claims for wrongful termination and declaratory relief.

## JURISDICTION

2. Pursuant to 28 U.S.C. § 1441, defendants Bio-Medical Applications of Mission Hills, Inc., removed this action from Los Angeles Superior Court to the United States District Court. Diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Calderon is domiciled in California. The defendants are domiciled in Massachusetts and are entities formed under the laws of the State of Delaware.

## THE PARTIES

3. Plaintiff Dolores Calderon ("Plaintiff" or "Ms. Calderon") is, and at all relevant times mentioned herein was, an individual residing in Los Angeles County and domiciled in California.

4. Defendants Bio-Medical Applications of Mission Hills, Inc., Fresenius Management Services, Inc., and Bio-Medical Applications Management Company, Inc. are formed under laws of Delaware and have their nerve center in Waltham, Massachusetts. These defendants are collectively referred to herein as "FRESENIUS."

## SINGLE INTEGRATED ENTEPRISE

5. Plaintiff is informed and believes and thereon alleges FRESENIUS is a single integrated enterprise, with common ownership, common management, interrelationship of operations, and centralized control over labor relations.

6. Through various legal entities, FRESENIUS owns, controls, manages, and operates thousands of kidney dialysis clinics in the United States.

- 2 -
SECOND AMENDED COMPLAINT

7. FRESENIUS presents itself to the public as a single, integrated enterprise. In its marketing, FRESENIUS states, "Different names, same great care. Fresenius Kidney Care dialysis centers are part of Fresenius Medical Care North America (FMCNA). Some centers may be known as Fresenius Kidney Care or Fresenius Medical Care, as well as other names. Every center listed in our dialysis finder results is part of the Fresenius Kidney Care dialysis network."

8. Each of the three entities are run by the same corporate officers, William Valle (C.E.O.), Karen Gledhill (Treasurer), Peter Gladitsch (C.F.O.), and Bryan Mello (Treasurer). Each of the three entities is physically based at 920 Winter Street, Waltham, Massachusetts.

9. Ms. Calderon was nominally employed by Bio-Medical Applications of Mission Hills, Inc., one of FRESENIUS'S kidney dialysis clinics. Ms. Calderon also worked and transferred between FRESENIUS dialysis clinics in Lancaster and Palmdale, California. While the other dialysis clinics are separate legal entities, in FRESENIUS operations, each clinic is referred to as departments or store numbers.

10. Ms. Calderon is informed and believes and thereon alleges Fresenius Management Services, Inc., is and at all relevant times mentioned herein, was essentially FRESENIUS'S human resources department for thousands of kidney dialysis clinics.

11. Throughout her employment, Ms. Calderon received training, supervision, performance evaluations from Fresenius Management Services, Inc. employees such as Angela McClure.

12. Ms. Calderon is informed and believes and thereon alleges Bio-Medical Applications Management Company Inc., is and at all relevant times mentioned herein, was essentially FRESENIUS'S management and executive department for a regional group of dialysis clinics in California.

13. Ms. Calderon is informed and believes and thereon alleges Bio-Medical

Applications Management Company Inc. is, and at all relevant times mentioned herein was, running the day-to-day operations of a regional group of dialysis clinics in California, carrying out and executing the policies, procedures and goals of FRESENIUS.

14. Ms. Calderon is informed and believes and thereon alleges Bio-Medical Applications Management Company Inc. and Fresenius Management Services, Inc. are also responsible for the acts and/or omissions relating to violations of California Fair Employment and Housing Act including, but not limited to, the failures to reasonably accommodate, failure to engage in good faith interactive process, and unlawful retaliation and termination of Ms. Calderon's employment.

15. Ms. Calderon and other employees of the various dialysis clinics controlled by FRESENIUS were subject to the same employee handbooks, rules and regulations, all promulgated by FRESENIUS's parent companies.

16. The three legal entities are owned by the same parent companies and holding companies.

17. In FRESNIUS's March 18, 2020 termination letter to Ms. Calderon, she was told she had an option to "Find a clinic in the area that is able to accommodate your work restrictions." The clinics "in the area" referenced by FRESENIUS consist of various dialysis clinics owned, controlled, operated, and managed by Bio-Medical Applications Management Company, Inc. and Fresenius Management Services, Inc.

## GENERAL ALLEGATIONS

18. Beginning in or around 2007, Ms. Calderon was employed by FRESENIUS as a full-time dialysis technician at FRESENIUS'S kidney care clinic in Mission Hills, California. Ms. Calderon is currently 56 years old.

19. In or about March 2014 Ms. Calderon injured her back at work. This injury, which affected Ms. Calderon's musculoskeletal and neurological systems,

constituted a physical disability and medical condition limiting major life activities, including lifting. Ms. Calderon submitted a workers' compensation claim and Fresenius was aware of Ms. Calderon's injury.

20. Ms. Calderon was placed on modified work duties by her doctor with the requirement that she not lift over 10 pounds, and Ms. Calderon requested that Fresenius reasonably accommodate this modified duties requirement. Ms. Calderon was able to perform the essential functions of her position with this modification and/or was able to perform the essential functions of vacant positions to which she could have been reassigned as a reasonable accommodation.

21. This medical restriction was in place between 2014 and the date of Ms. Calderon's termination, and Ms. Calderon ably and competently performed her job duties of her position over the course of the 6 years the restriction was in place.

22. In or about December 2019, a new manager started at the clinic and shortly thereafter began harassing Ms. Calderon as a result of her work restrictions. This harassment included changing Ms. Calderon's schedule to the graveyard shift, which she was not previously required to work.

23. On or about March 16, 2020, Ms. Calderon's manager informed her that she was being terminated from employment because of her medical restriction, and informed Ms. Calderon that she "needed everyone to be 100%" healthy to continue working. Ms. Calderon's last day of employment was March 20, 2020.

24. At all relevant times mentioned herein, Fresenius was an employer within the meaning of California's Fair Employment and Housing Act. Ms. Calderon was an employee covered and protected under the Act.

25. Ms. Calderon is informed and believes and thereon alleges FRESENIUS's decision to terminate her employment for the unlawful reasons stated herein were made by, authorized by, and ratified by officers, directors and managing agents of FRESENIUS.

26. Ms. Calderon has exhausted her administrative remedies by timely filing a complaint of discrimination with the Department of Fair Employment & Housing and obtaining a Right-to-Sue letters.

## FIRST CAUSE OF ACTION
Disability Discrimination in Violation of Gov't Code § 12940(a)
(Against all Defendants)

27. Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

28. At all relevant times mentioned herein, FRESENIUS was an employer within the meaning of California's Fair Employment and Housing Act. Plaintiff was an employee covered and protected under the Act.

29. *Government Code* § 12940(a) prohibits an employer from discriminating against an employee because of an actual and/or perceived physical disability.

30. At all times relevant herein, Plaintiff was a qualified individual with actual and/or perceived past and future physical disabilities including, but not limited to, an injury to her back. The injuries to her back limited Plaintiff's ability to lift. Despite her disabilities and/or perceived disabilities, Plaintiff was able to perform the essential functions of her position with or without reasonable accommodations.

31. At all times relevant herein, FRESENIUS was aware of Plaintiff's disabilities and/or perceived her as disabled and knew that, despite her actual and/or perceived disabilities, Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

32. FRESENIUS terminated Plaintiff's employment. Plaintiff's physical condition was a substantial motivating reason for the decision to terminate her employment.

33. As a direct and proximate result, Plaintiff was harmed; she has been humiliated, suffered emotional pain and distress, mental anguish, loss of enjoyment of

life and economic damages.

34. Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum. Pursuant to Civil Code § 3294, Plaintiff seeks exemplary damages against FRESENIUS for its intentional malicious, oppressive, fraudulent conduct in disregard of Plaintiff's rights. Pursuant to Government Code § 12965(b), Plaintiff seeks and award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION
Failure to Provide Reasonable Accommodation in
Violation of Gov't Code § 12940(m)
(Against all Defendants)

35. Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

36. Government Code § 12940(m) provides that it is an unlawful employment practice for an employer to fail to make a reasonable accommodation for the known physical or mental disabilities of an employee.

37. At all times relevant herein, Plaintiff was a qualified individual with actual and/or perceived past and future physical disabilities including, but not limited to, an injury to her back. The injuries to her back limited Plaintiff's ability to lift. Despite her disabilities and/or perceived disabilities, Plaintiff was able to perform the essential functions of her position with or without reasonable accommodations.

38. At all times relevant herein, Defendant was aware of Plaintiff's disabilities and/or perceived her as disabled and knew that, despite her actual and/or perceived disabilities, Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

39. Defendant failed to accommodate Plaintiff by, without limitation, refusing to continue to allow her to continue to work with modified duties, failing to consider Plaintiff for alternate vacant positions, and terminating Plaintiff's employment.

40. As a direct and proximate result, Plaintiff was harmed; she has been

Case 2:20-cv-07869-PSG-JEM Document 43 Filed 12/04/20 Page 8 of 12 Page ID #:420
Case 2:20-cv-07869-PSG-JEM Document 42-7 Filed 12/04/20 Page 8 of 12 Page ID #:371

humiliated, suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages.

41. Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum. Pursuant to Civil Code § 3294, Plaintiff seeks exemplary damages against FRESENIUS for its intentional malicious, oppressive, fraudulent conduct in disregard of Plaintiff's rights. Pursuant to Government Code § 12965(b), Plaintiff seeks and award of attorneys' fees and costs.

### THIRD CAUSE OF ACTION
Failure to Engage in the Interactive Process in
Violation of Government Code § 12940(n)
(Against all Defendants)

42. Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

43. At all times relevant herein, pursuant to Government Code § 12940(n), FRESENIUS had a mandatory duty to engage in a timely, good faith interactive process with Plaintiff to determine effective reasonable accommodations, if any, in response to Plaintiff's requests for reasonable accommodations.

44. At all times relevant herein, Plaintiff was a qualified individual with actual and/or perceived past and future physical disabilities including, but not limited to, an injury to her back. The injuries to her back limited Plaintiff's ability to lift. Despite her disabilities and/or perceived disabilities, Plaintiff was able to perform the essential functions of her position with or without reasonable accommodations.

45. At all times relevant herein, FRESENIUS was aware of Plaintiff's disabilities and/or perceived her as disabled and knew that, despite her actual and/or perceived disabilities, Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

46. At all relevant times, Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodations could be made so that she

- 8 -
SECOND AMENDED COMPLAINT

would be able to perform the essential job requirements, but Defendant failed to participate in a timely good faith interactive process with Plaintiff to determine whether reasonable accommodations could be made.

47. As a direct and proximate result, Plaintiff was harmed; she has been humiliated, suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages.

48. Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum. Pursuant to Civil Code § 3294, Plaintiff seeks exemplary damages against FRESENIUS for its intentional malicious, oppressive, fraudulent conduct in disregard of Plaintiff's rights. Pursuant to Government Code § 12965(b), Plaintiff seeks and award of attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
Retaliation for Requesting Accommodation in
Violation of Gov't Code § 12940(m)
(Against all Defendants)

49. Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

50. Government Code § 12940(m) provides that it is an unlawful employment practice for an employer to retaliate or otherwise discriminate against a person for requesting accommodation.

51. At all times relevant herein, Plaintiff was a qualified individual with actual and/or perceived past and future physical disabilities including, but not limited to, an injury to her back. The injuries to her back limited Plaintiff's ability to lift. Plaintiff requested that Fresenius reasonably accommodate her ongoing modified duties requirement that she not lift over 10 pounds.

52. FRESENIUS retaliated against Plaintiff as a result of her request for accommodation by, among other things, terminating her employment.

53. As a direct and proximate result, Plaintiff was harmed; she has been

humiliated, suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages.

54. Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum. Pursuant to Civil Code § 3294, Plaintiff seeks exemplary damages against FRESENIUS for its intentional malicious, oppressive, fraudulent conduct in disregard of Plaintiff's rights. Pursuant to Government Code § 12965(b), Plaintiff seeks and award of attorneys' fees and costs.

### FIFTH CAUSE OF ACTION
Wrongful Termination in Violation of Public Policy
(Against all Defendants)

48. Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

49. FRESENIUS employed Plaintiff. FRESENIUS terminated Plaintiff's employment.

50. Plaintiff was terminated because she suffered from a disability that limited her physical capabilities in performing major life activities. Thus the termination violated the public policy stated in California's Fair Employment and Housing Act, Government Code § 12940(a).

51. As a direct and proximate result, Plaintiff was harmed; she has been humiliated, suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages.

52. Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum. Pursuant to Civil Code § 3294, Plaintiff seeks exemplary damages against FRESENIUS for its intentional malicious, oppressive, fraudulent conduct in disregard of Plaintiff's rights.

### SIXTH CAUSE OF ACTION
Declaratory Relief

(Against All Defendants)

53. Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

54. There exists an actual controversy between Plaintiff and Defendants. Plaintiff contends the three defendant legal entities named collectively as FRESENIUS are a single, integrated enterprise. Plaintiff contends FRESENIUS is her employer. Defendants contend Plaintiff's employer is solely the legal entity, Defendant Bio-Medical Applications of Mission Hills, Inc for purposes of California employment and labor laws. This actual controversy effects Plaintiff's legal rights insofar as applicability of reasonable accommodation laws, interactive process laws, medical leave pursuant to California Family Rights Act and such. This actual controversy also effects other FRESENIUS employees insofar as that their legal rights are affected by the purported separateness of the various legal entities.

///
///
///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages, in an amount to be proven at trial.

2. For punitive damages, in an amount to be proven at trial.

3. For reasonable attorneys' fees and costs pursuant to Government Code § 12965(b) and/or Code of Civil Procedure § 1021.5.

4. For declaratory relief that Defendants violated California's Fair Employment and Housing Act and that Defendants are a single, integrated employer for purposes of labor and employment laws in California.

5. For injunctive relief prohibiting Defendants from continuing to violate California's Fair Employment and Housing Act.

6. For any other relief or damages allowed by law, or statutes not set out above and such further relief as the Court deems just and proper at conclusion of trial.

## DEMAND FOR JURY TRIAL

Plaintiff Dolores Calderon hereby demands trial by jury.

Dated: November 2, 2020  　　　　GALANTE LAW, INC.
　　　　　　　　　　　　　　　　SETHI LAW FIRM


By _____
　　Ben Galante
　　Rahul Sethi
　Attorney for Plaintiff, DOLORES CALDERON