Amy L. Lessa (SBN 202872)
    E-Mail:  alessa@fisherphillips.com
Darcey M. Groden (SBN 296492)
    E-Mail:  dgroden@fisherphillips.com
FISHER & PHILLIPS LLP
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile:  (858) 597-9601

Attorneys for Defendants Bio-Medical
Applications of Mission Hills, Inc. and Fresenius
Management Services, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES CALDERON,<br><br>    Plaintiff,<br><br>    v.<br><br>BIO-MEDICAL APPLICATIONS OF MISSION HILLS, INC., FRESENIUS MANAGEMENT  SERVICES,  INC., BIO-MEDICAL      APPLICATIONS MANAGEMENT COMPANY, INC.,<br><br>    Defendants. | Case No:  2:20-cv-07869 PSG (JEMx)<br><br>*[Los Angeles Superior Court Case No. 20STCV27571]*<br><br>**DEFENDANT BIO-MEDICAL APPLICATIONS OF MISSION HILLS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>*State Court Complaint Filed:  July 22, 2020*<br>*State Court FAC Filed: August 26, 2020*<br>*Trial Date:  August 31, 2021* |

FP 39532549.2

Defendant BIO-MEDICAL APPLICATIONS OF MISSION HILLS, INC. ("Defendant") responds to Plaintiff's Second Amended Complaint as follows:

## NATURE OF CLAIMS

1.      Answering Paragraph 1, the first sentence is a legal conclusion, to which no response is required.  To the extent that a response is deemed required, Defendant denies each and every allegation contained therein as to itself. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence as to the other Defendants and, on that basis, denies each and every allegation in the first sentence as to the other Defendants. The second sentence is a summary of the claims in the Second Amended Complaint, to which no response is required.  To the extent that a response is deemed required, Defendant denies each and every allegation contained therein.

## JURISDICTION

2.      Answering Paragraph 2, this paragraph contains Plaintiff's jurisdictional allegations, to which no response is required.  To the extent that a response is deemed required, Defendant admits the allegations in the first, second, and fourth sentences.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence and, on that basis, denies each and every allegation contained therein.

## THE PARTIES

3.      Answering Paragraph 3, this paragraph contains Plaintiff's jurisdictional allegations, to which no response is required.  To the extent that a response is deemed required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

4.      Answering Paragraph 4, this paragraph contains Plaintiff's jurisdictional allegations, to which no response is required.  To the extent that a response is required, Defendant admits that it, as well as Fresenius Management

1                    2:20-cv-07869 PSG (JEMx)

Services, Inc., and Bio-Medical Applications Management Company, Inc. are formed under the laws of Delaware. Defendant further admits that it, as well as Fresenius Management Services, Inc., and Bio-Medical Applications Management Company, Inc.s' principal places of business are at the corporate headquarters in Waltham, Massachusetts. Whether any of the defendants' "nerve centers" are in Waltham Massachusetts is a legal conclusion to which no response is required. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and, on that basis, denies each and every remaining allegation contained therein.

## **SINGLE INTEGRATED ENTERPRISE**

5.      Answering Paragraph 5, this paragraph contains legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant denies each and every allegation contained therein as it relates to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph as to the other Defendants and, on that basis, denies each and every remaining allegation contained therein.

6.      Answering Paragraph 6, Defendant denies each and every allegation contained therein as it relates to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph as to the other Defendants and, on that basis, denies each and every remaining allegation contained therein.

7.      Answering Paragraph 7, the first sentence is a legal conclusion to which no response is required. To the extent that a response is deemed required, Defendant denies each and every allegation contained therein as to itself. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence as to the other Defendants and, on that basis, denies each and every allegation in the first sentence as to the other Defendants.

DEF BIO-MEDICAL APPLICATIONS OF MISSION HILLS, INC.'S ANS
AND AFFIRMATIVE DEFENSES TO PLTF'S FAC

FP 39532549.2

Answering the second sentence, Defendant admits only that the website for the Mission Hills clinic (https://www.freseniuskidneycare.com/dialysis-centers/california/6804) states: "Different names, same great care [¶] Fresenius Kidney Care dialysis centers are part of Fresenius Medical Care North America (FMCNA). Some Centers may be known as Fresenius Kidney Care or Fresenius Medical, as well as other names. Every center listed in our dialysis finder results is part of the Fresenius Kidney Care dialysis network." Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph as to the other Defendants and, on that basis, denies each and every remaining allegation contained therein.

8.     Answering Paragraph 8, Defendant denies that each of the three named defendants are run by the same corporate officers. Defendant admits that William Valle is the CEO for all three defendants. Defendant denies that Karen Gledhill is the Treasurer for any of the three defendants. Defendant denies that Bryan Mello is the Treasurer for all three defendants. Rather, Defendant admits only that Bryan Mello is an Assistant Treasurer for Fresenius Management Services, Inc. and Bio Medical Applications of Mission Hills, Inc. but he shares that role with others. Defendant denies that Peter Gladitsch is the CFO for any of the defendants. As to the second sentence, Defendant admits only that each of the three defendants are headquartered in Waltham, Massachusetts; Defendant denies that Waltham, Massachusetts is the only "physical" location of each Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph as to the other Defendants and, on that basis, denies each and every remaining allegation contained therein.

9.     Answering Paragraph 9, Defendant admits that Plaintiff was employed by Bio-Medical Applications of Mission Hills, Inc.; Defendant denies that such employment was "nominal." Defendant admits that it is a separate legal entity from the other named defendants. Defendant denies that it's clinic is referred

to as a "department or store numbers." Defendant admits only that it is aware that Plaintiff, on occasion, worked a shift at nearby dialysis clinics such as Lancaster and/or Palmdale when needed. Except as expressly admitted herein, Defendant denies all other allegations as to itself. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and, on that basis, denies each and every remaining allegation contained therein.

10.    Answering Paragraph 10, Defendant admits only that it received HR support from employees of Fresenius Management Services, Inc. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and, on that basis, denies each and every remaining allegation contained therein.

11.    Answering Paragraph 11, Defendant admits only that Angela McClure served as the Senior Vice President of Human Resources for Fresenius Management Services, Inc. from August 2014 through October 2017 and that Senior Vice Presidents such as Ms. McClure signed off (as a general template signature) on training documents. Defendant denies each and every remaining allegation contained therein.

12.    Answering Paragraph 12, Defendant denies each and every allegation contained therein.

13.    Answering Paragraph 13, Defendant denies that Bio-Medical Applications Management Company, Inc. was running its day to day operations or carrying out and executing the policies, procedures, and goals of defendant Fresenius Management Services, Inc. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph as to the other Defendants and, on that basis, denies each and every remaining allegation contained therein.

/ / /

DEF BIO-MEDICAL APPLICATIONS OF MISSION HILLS, INC.'S ANS
AND AFFIRMATIVE DEFENSES TO PLTF'S FAC
FP 39532549.2

14.     Answering Paragraph 14, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant denies each and every allegation contained therein as it relates to Defendant. Defendant denies that Ms. Calderon's employment was terminated. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph as to the other Defendants and, on that basis, denies each and every remaining allegation contained therein.

15.     Answering Paragraph 15, Defendant denies that it is controlled by Bio-Medical Applications Management Company, Inc. or Fresenius Management Services, Inc. Defendant further denies that all dialysis clinics are subject to the same employee handbooks, rules and regulations.  Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, denies each and every remaining allegation contained therein.

16.     Answering Paragraph 16, Defendant denies each and every allegation contained therein.

17.     Answering Paragraph 17, Defendant denies that Plaintiff was terminated or sent a termination letter dated March 18, 2020, or any other date. Defendant admits only that Plaintiff was offered, among other things, the opportunity to find a position at another clinic that could accommodate her work restrictions. The remaining allegations are legal conclusions to which no response is required. To the extent that a response is deemed required, Defendant denies each and every allegation contained therein as to itself.

## GENERAL ALLEGATIONS

18.     Answering Paragraph 11, admit that Plaintiff was employed by this answering Defendant in Mission Hills, California starting on May 21, 2007. Defendant denies that Plaintiff's job title with Defendant was dialysis technician— her job title was Patient Care Technician II.  Defendant denies that Plaintiff was

FP 39532549.2

employed by it prior to May 21, 2007 and denies that Plaintiff was employed as a full-time employee at all times during her time with Defendant.  Defendant lacks sufficient knowledge or information to form a belief as to Plaintiff's employment with the other Defendants and, on that basis, denies each and every allegation in the first sentence as to the other Defendants.  Defendant denies that Plaintiff is currently 56 years old—on information and belief, Plaintiff is currently 57 years old.

19.     Answering Paragraph 12, Defendant admits that Plaintiff claims she was injured at work on or about March 26, 2014 while working for Defendant, that Plaintiff had an injury that purportedly affected her ability to lift, and that Plaintiff had filed a workers' compensation claim.  Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations and, on that basis, denies each and every remaining allegation.

20.     Answering Paragraph 13, Defendant admits that her doctor placed Plaintiff on modified work duties with the restriction, at times, that she not lift or carry over 10 pounds during various portions of her employment.  However, Defendant denies that these were Plaintiff's only restrictions—Plaintiff's restrictions also included prolonged standing/walking; not bending, stooping, or climbing; and not kneeling, squatting, or crawling.  Defendant also denies that the no lifting over 10 pounds was a restriction in place during the entirety of the time since her injury on March 26, 2014.  Defendant lacks sufficient knowledge or information to form a belief as to Plaintiff's work restrictions and requests for accommodation as to the other Defendants and, on that basis, denies each and every allegation relating to those claims as to the other Defendants.  The remaining allegations in this paragraph are legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant denies that Plaintiff was able to perform the essential functions of her job with modifications. Defendant further denies that there were other vacant positions at its location to

which Plaintiff could have been reassigned as a reasonable accommodation. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph as to the other Defendants and, on that basis, denies each and every allegation contained therein.

21.     Answering Paragraph 14, Defendant denies that Plaintiff was placed on modified work duties by her doctor with the requirement that she not lift over 10 pounds from the time of her injury on March 26, 2014 to the date of Plaintiff's termination.  Defendant further denies that it terminated Plaintiff—Plaintiff is still an employee of Defendant. Defendant denies that Plaintiff was able and competent to perform the job duties of a Patient Care Technician II over the course of time during which she has been subject to work restrictions.  To the extent that there are any remaining allegations against Defendant or there are allegations against the other Defendants, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and, on that basis, denies each and every remaining allegation contained therein.

22.     Answering Paragraph 15, Defendant denies each and every allegation contained therein as to itself.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph as to the other Defendants and, on that basis, denies each and every allegation contained therein as to the other Defendants.

23.     Answering Paragraph 16, Defendant denies each and every allegation contained therein.

24.     Answering Paragraph 17, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant admits that it was an employer within the meaning of California's Fair Employment and House Act and that Plaintiff was and is an employee covered and protected under the Act from May 21, 2007 to the present.  Defendant lacks sufficient knowledge or information to form a belief as to what period Plaintiff

considers "all relevant times mentioned herein" and, on that basis, denies the allegations to the extent that they covered any other time period.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph as to the other Defendants and, on that basis, denies each and every allegation contained therein as to the other Defendants.

25.    Answering Paragraph 18, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant denies each and every allegation contained therein as to itself. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph as to the other Defendants and, on that basis, denies each and every allegation contained therein as to the other Defendants.

26.    Answering Paragraph 19, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant denies each and every allegation contained therein.

## FIRST CAUSE OF ACTION

Disability Discrimination in Violation of Government Code § 12940 (a)

(Against all Defendants)

27.    Answering Paragraph 27, Defendant incorporates by reference its answers to each of the foregoing paragraphs of Plaintiff's Second Amended Complaint as though fully set forth herein.

28.    Answering Paragraph 28, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant admits that it was an employer within the meaning of California's Fair Employment and House Act and that Plaintiff was and is an employee covered and protected under the Act from May 21, 2007 to the present.  Defendant lacks sufficient knowledge or information to form a belief as to what period Plaintiff considers "all relevant times mentioned herein" and, on that basis, denies the

allegations to the extent that they covered any other time period.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph as to the other Defendants and, on that basis, denies each and every allegation contained therein as to the other Defendants.

29.  Answering Paragraph 29, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant admits that Government Code § 12940(a) prohibits an employer from discriminating against an employee because of an actual and/or perceived physical disability.  Defendant denies each and every remaining allegation contained therein.

30.  Answering Paragraph 30, Defendant admits that Plaintiff claimed that she had a limited ability to lift. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegation that it was Plaintiff's injuries to her back which limited Plaintiff's ability to lift and, on that basis, denies this allegation.  The remaining allegations in this paragraph are legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant denies each and every remaining allegation contained therein.

31.  Answering Paragraph 31, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant denies each and every allegation contained therein as they relate to this answering Defendant.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph as to the other Defendants and, on that basis, denies each and every allegation contained therein as to the other Defendants.

32.  Answering Paragraph 32, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant denies each and every allegation contained therein.

/ / /

33.     Answering Paragraph 33, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant denies each and every allegation contained therein.

34.     Answering Paragraph 34, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant admits only that Plaintiff seeks the damages stated. Defendant denies each and every remaining allegation contained therein.

## SECOND CAUSE OF ACTION

Failure to Provide Reasonable Accommodation in Violation of Gov't Code

§ 12940 (m)  (Against all Defendants)

35.     Answering Paragraph 35, Defendant incorporates by reference its answers to each of the foregoing paragraphs of Plaintiff's Second Amended Complaint as though fully set forth herein.

36.     Answering Paragraph 36, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant admits that Government Code § 12940(m) makes it unlawful for an employer to fail to make a reasonable accommodation for the known physical or mental disability of an employee as long as the accommodation does not produce an undue hardship on the employer.  Defendant denies each and every remaining allegation contained therein.

37.     Answering Paragraph 37, Defendant admits that Plaintiff claimed that she had a limited ability to lift. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegation that it was Plaintiff's injuries to her back which limited Plaintiff's ability to lift and, on that basis, denies this allegation.  The remaining allegations in this paragraph are legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant denies each and every remaining allegation contained therein.

/ / /

38.     Answering Paragraph 38, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant denies each and every allegation contained therein as they relate to this answering Defendant.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph as to the other Defendants and, on that basis, denies each and every allegation contained therein as to the other Defendants.

39.     Answering Paragraph 39, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant denies each and every allegation contained therein as they relate to this answering Defendant.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph as to the other Defendants and, on that basis, denies each and every allegation contained therein as to the other Defendants.

40.     Answering Paragraph 40, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant denies each and every allegation contained therein.

41.     Answering Paragraph 41, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant admits only that Plaintiff seeks the damages stated. Defendant denies each and every remaining allegation contained therein.

## **THIRD CAUSE OF ACTION**

Failure to Engage in the Interactive Process in Violation of Government Code § 12940(n) (Against all Defendants)

42.     Answering Paragraph 42, Defendant incorporates by reference its answers to each of the foregoing paragraphs of Plaintiff's Second Amended Complaint as though fully set forth herein.

/ / /

11          2:20-cv-07869 PSG (JEMx)
DEF BIO-MEDICAL APPLICATIONS OF MISSION HILLS, INC.'S ANS
AND AFFIRMATIVE DEFENSES TO PLTF'S FAC

43.   Answering Paragraph 43, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant admits that it had an obligation "to engage in a timely, good faith, interactive process with [Plaintiff] . . . to determine effective reasonable accommodations, if any, in response to a request for a reasonable accommodation by [Plaintiff] . . . with a known physical or mental disability, or known medical condition."   Cal. Gov't Code § 12940(n).  Defendant denies each and every remaining allegation as they relate to this answering Defendant.

44.   Answering Paragraph 44, Defendant admits that Plaintiff claimed that she had a limited ability to lift. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegation that it was Plaintiff's injuries to her back which limited Plaintiff's ability to lift and, on that basis, denies this allegation.  The remaining allegations in this paragraph are legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant denies each and every remaining allegation contained therein.

45.   Answering Paragraph 45, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant denies each and every allegation contained therein as they relate to this answering Defendant.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph as to the other Defendants and, on that basis, denies each and every allegation contained therein as to the other Defendants.

46.   Answering Paragraph 46, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation that "Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodations could be made so that she would be able to perform the essential job requirements" and, on that basis, denies such

allegation.  Defendant denies each and every remaining allegation contained in said paragraph as to Defendant.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph as to the other Defendants and, on that basis, denies each and every allegation contained therein.

47.    Answering Paragraph 47, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant denies each and every allegation contained therein.

48.    Answering Paragraph 48, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant admits only that Plaintiff seeks the damages stated. Defendant denies each and every remaining allegation contained therein.

## FOURTH CAUSE OF ACTION

Retaliation of Requesting Accommodation in Violation of Gov't Code §

12940(m)  (Against all Defendants)

49.    Answering Paragraph 49, Defendant incorporates by reference its answers to each of the foregoing paragraphs of Plaintiff's Second Amended Complaint as though fully set forth herein.

50.    Answering Paragraph 50, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant admits each and every allegation contained therein.

51.    Answering Paragraph 51, Defendant admits that Plaintiff claimed that she had a limited ability to lift. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegation that it was Plaintiff's injuries to her back which limited Plaintiff's ability to lift and, on that basis, denies this allegation.  Defendant admits that Plaintiff requested, at certain times, that Defendant grant her modified duties that she not be required to lift over 10 pounds, among other requests for modified duties.  Defendant lacks sufficient knowledge

or information to form a belief as to what period Plaintiff considers "all relevant times mentioned herein" and, on that basis, denies the allegations to the extent that they cover any particular time period.  The remaining allegations in this paragraph are legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant denies each and every remaining allegation contained therein.

52.    Answering Paragraph 52, Defendant denies that it terminated Plaintiff's employment.  The remaining allegations in this paragraph are legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant denies each and every remaining allegation contained therein as to Defendant.

53.    Answering Paragraph 53, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant denies each and every allegation contained therein as they relate to this answering Defendant.

54.    Answering Paragraph 54, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant admits only that Plaintiff seeks the damages stated. Defendant denies each and every remaining allegation contained therein.

## **FIFTH CAUSE OF ACTION**

Wrongful Termination in Violation of Public Policy

(Against all Defendants)

48. *[sic]*     Answering Paragraph 48, Defendant incorporates by reference its answers to each of the foregoing paragraphs of Plaintiff's Second Amended Complaint as though fully set forth herein.

49. *[sic]*     Answering Paragraph 49, Defendant admits that it has employed Plaintiff from May 21, 2007 to the present; Defendant denies that it employed Plaintiff at any other time.  Defendant denies that it terminated Plaintiff's

employment.

50. *[sic]*     Answering Paragraph 50, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant denies each and every allegation contained therein as they relate to this answering Defendant.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph as to the other Defendants and, on that basis, denies each and every allegation contained therein as to the other Defendants.

51. *[sic]*     Answering Paragraph 51, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant denies each and every allegation contained therein as they relate to this answering Defendant.

52. *[sic]*     Answering Paragraph 52, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant admits only that Plaintiff seeks the damages stated. Defendant denies each and every remaining allegation contained therein.

## SIXTH CAUSE OF ACTION

### Declaratory Relief

### (Against all Defendants)

53. *[sic]*     Answering Paragraph 53, Defendant incorporates by reference its answers to each of the foregoing paragraphs of Plaintiff's Second Amended Complaint as though fully set forth herein.

54. *[sic]*     Answering Paragraph 54, this paragraph contains legal conclusions, to which no response is required.  To the extent that a response is deemed required, Defendant denies each and every allegation contained therein.

/ / /

/ / /

/ / /

FP 39532549.2

## PRAYER

55.     The remainder of Plaintiff's Second Amended Complaint constitutes Plaintiff's Prayer for Relief, to which no response is required.  To the extent that a response is required, Defendant denies each and every allegation contained therein.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

56.     The Complaint fails to state a claim upon which relief can be granted and must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

57.     Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her damages.

### THIRD AFFIRMATIVE DEFENSE

### (Waiver)

58.     By her own conduct, Plaintiff has waived any right to recover any relief sought in the Second Amended Complaint.

### FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

59.     Any recovery on Plaintiff's Second Amended Complaint is barred in whole or in part by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

60.     Plaintiff is estopped by her own conduct from recovering any relief sought in the Second Amended Complaint.

/ / /

/ / /

/ / /

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

61.    Plaintiff's claims are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

62.    Plaintiff's claims are barred, in whole or in part, by the failure to exhaust administrative remedies and/or internal grievance procedures.

## EIGHTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

63.    Plaintiff's claims are barred, in whole or in part, because reasonable use of Defendant's procedures to prevent and/or correct the alleged discriminatory or retaliatory behavior would have prevented all or some of the alleged harm.

## NINTH AFFIRMATIVE DEFENSE

### (Collateral Estoppel)

64.    Plaintiff's claims, in whole or in part, are barred under the doctrine of collateral estoppel and res judicata.

## TENTH AFFIRMATIVE DEFENSE

### (Same Decision/Mixed Motive)

65.    If it is found that Defendant's actions were motivated by both discriminatory/retaliatory and nondiscriminatory/non-retaliatory reasons, the nondiscriminatory/non-retaliatory reasons alone would have caused Defendant to make the same decision.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Discrimination or Retaliation)

66.    There existed legitimate, non-discriminatory, and non-retaliatory reasons for the alleged acts of Defendant of which Plaintiff complains.

/ / /

/ / /

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Cooperate in Accommodation Process)

67.    Plaintiff failed to cooperate in the process of reasonable accommodation.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (At Will Employment)

68.    Plaintiff's claims are barred because Plaintiff's term of employment was terminable at will, with or without cause, pursuant to California Labor Code section 2922.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

69.    The Complaint is barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure sections 335.1 and 338 and California Government Code sections 12960 and 12965.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity)

70.    Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provisions of the Workers' Compensation Act pursuant to California Labor code section 3601 et seq.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Offset)

71.    If Plaintiff has received, or in the future receives, Workers' Compensation benefits by reason of the claimed injuries which give rise to this suit, any judgment rendered in favor of Plaintiff should be reduced by the amount of all Workers' Compensation benefits paid to or on behalf of Plaintiff.

/ / /

/ / /

/ / /

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Disability Benefits Offset)

72.     If Plaintiff has received, or in the future receives, disability benefits, any judgment rendered in favor of Plaintiff should be reduced by the amount of all disability benefits paid to or on behalf of Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reduction for Inability to Work)

73.     If Plaintiff was unable to work due to non-job related illness or disability, any judgment rendered in favor of Plaintiff should be reduced by an amount representing the period(s) of time Plaintiff was unable to work.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Pre-Existing Medical Condition)

74.     To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

75.     Any recovery on Plaintiff's Complaint or any purported cause of action alleged therein, is barred in whole or in part by after-acquired evidence which independently justified Plaintiff's termination.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Recovery of Punitive Damages Violate Defendant's Constitutional Rights)

76.     Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that any award of punitive or exemplary damages would violate Plaintiff's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

/ / /

/ / /

DEF BIO-MEDICAL APPLICATIONS OF MISSION HILLS, INC.'S ANS
AND AFFIRMATIVE DEFENSES TO PLTF'S FAC

FP 39532549.2

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Other Named Defendants)

77.     The acts of the other Named Defendants of which Plaintiff complains were all undertaken outside of the scope of their agency and/or employment and without the knowledge or consent of Defendant, and therefore Defendant may not be held liable for their acts.

**WHEREFORE**, this answering Defendant prays as follows:

1.     That Plaintiff take nothing by her Second Amended Complaint for damages;

2.     That Plaintiff's Second Amended Complaint be dismissed in its entirety with prejudice;

3.     That Defendant be awarded its costs of suit, including reasonable attorneys' fees; and

4.     That the Court award such other relief as it deems appropriate.

Dated:  January 11, 2021                    Respectfully submitted,

                                                       FISHER & PHILLIPS LLP


By:   */s/Darcey M. Groden*
      Amy L. Lessa
      Darcey M. Groden
      Attorneys for Defendants Bio-Medical
      Applications of Mission Hills, Inc. and
      Fresenius Management Services, Inc.

DEF BIO-MEDICAL APPLICATIONS OF MISSION HILLS, INC.'S ANS
AND AFFIRMATIVE DEFENSES TO PLTF'S FAC

FP 39532549.2

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On January 11, 2021 I served the foregoing document entitled **DEFENDANT BIO-MEDICAL APPLICATIONS OF MISSION HILLS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* addressed as follows:

| | |
|---|---|
| Ben J. Galante (SBN 231394)<br>GALANTE LAW, INC.<br>2181 E. Foothill Blvd., Ste. 101<br>Pasadena, California 91107 | Tel:    (213) 785-1900<br>Fax:    (213) 867-9900<br>Email:  ben@galantelawinc.com<br><br>Attorneys for Plaintiff, DOLORES CALDERON |
| Rahul Sethi (SBN 238405)<br>SETHI LAW FIRM<br>5015 Eagle Rock Blvd., Ste. 202<br>Los Angeles, California 90041 | Tel:    (213) 254-2454<br>Fax:    (213) 995-5400<br>Email:  rahulsethi@sethiworks.com<br><br>Attorneys for Plaintiff, DOLORES CALDERON |

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed January 11, 2021 at San Diego, California.

Joy A. Lloyd
_____          By: _____
Print Name                                                        Signature

FP 39532549.2