Regina A. Petty (SBN 106163)
E-Mail: rpetty@fisherphilips.com
Amy L. Lessa (SBN 202872)
E-Mail: alessa@fisherphillips.com
Darcey M. Groden (SBN 296492)
E-Mail: dgroden@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858)597-9600
Facsimile: (858)597-9601

Attorneys for Defendants Bio-Medical Applications of Mission Hills, Inc., and Fresenius Management Services, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DOLORES CALDERON,

Plaintiff,

v.

BIO-MEDICAL APPLICATIONS OF MISSION HILLS, INC., FRESENIUS MANAGEMENT SERVICES, INC., BIO-MEDICAL APPLICATIONS MANAGEMENT COMPANY, INC.,

Defendants.

Case No: 2:20-cv-07869 PSG (JEMx)

*[Los Angeles Superior Court Case No. 20STCV27571]*

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF APPLICATION TO THE CLERK TO TAX COSTS**

State Complaint: July 22, 2020
State FAC: August 26, 2020
Trial Date: None

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................ 1

II. PLAINTIFF HAS NOT MET HER BURDEN TO DEMONSTRATE THAT COSTS SHOULD NOT BE AWARDED (OBJECTION NO. 1) ........................................... 2

A. The Issue of Costs Is Decided Under Federal, Not State, Law ........................................................... 2

B. Plaintiff Has Not Met Her Burden to Demonstrate That The Court Should Exercise Its Discretion to Not Award Costs ........................................... 4

1. Factor 1: Plaintiff Does Not Argue Nor Can She Show That This Case Has Substantial Public Importance ........................................................ 4

2. Factor 2: Plaintiff Does Not Argue Nor Can She Show that This Case Was Close or Had Difficult Issues ........................................................... 5

3. Factor No. 3: Awarding Costs Will Not Have a Chilling Effect on Future Actions ................................. 6

4. Factor No. 4: Plaintiff Has Presented No Evidence That She Has Limited Financial Resources ............................................................ 7

5. Factor No. 5: Plaintiff's Economic Disparity Argument Is Not A Sufficient Basis to Decline to Award Costs ............................................................ 9

III. DEPOSITION COSTS ARE PROPERLY RECOVERABLE UNDER THE LOCAL RULES (OBJECTION NO. 2) .................... 10

IV. DEFENDANTS ARE PROVIDING SUPPLEMENTAL ITEMIZED INVOICES FOR EXHIBITS 35-37 AND 42 TO SHOW WHICH PORTIONS ARE RECOVERABLE (OBJECTION NO. 3) ........................................................ 12

V. CONCLUSION ........................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*In re 5-Hour Energy Mktg. & Sales Practices Litig.*, No. ML 13-2438 PSG, 2018 WL 11354865 (C.D. Cal. Sept. 11, 2018) .......... 9

*Brown v. Lucky Stores, Inc.*, 246 F.3d 1182 (9th Cir. 2001) .......... 3

*Ceja-Corona v. CVS Pharmacy, Inc.*, No. 1:12-cv-1703-AWI-SAB, 2015 WL 1276695 (E.D. Cal. Mar. 19, 2015) .......... 4, 5, 6, 7, 8

*Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016 (9th Cir.2003) .......... 3

*Chew v. City & County of San Francisco*, 714 Fed.Appx. 687 (9th Cir. 2017) .......... 7

*Christianburg Garment Co. v. EEOC*, 434 U.S. 412 (1978) .......... 1

*Cline v. Contra Costa County*, No. 05-15337, 2006 WL 3698678 (9th Cir. Dec. 13, 2006) .......... 3

*Dep't of Fair Employment & Housing v. Lucent Techs.*, No. C 07-3747 PJH, 2009 WL 1159181 (N.D. Cal. Apr. 29, 2009) .......... 3

*Earle v. Unum Life Ins. Co. of Am.*, No. CV 19-2903-JFW(AFMx), 2020 WL 12918328 (C.D. Cal. Dec. 21, 2020) .......... 7

*English v. Gen'l Dynamics Mission Sys., Inc.*, No. EDCV 18-908 JGB (SHKx), 2020 WL 974876, at *2 (C.D. Cal. Jan. 2, 2020) .......... 3

*Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236 (9th Cir. 2014) .......... 1, 4, 5, 6

*F.B.T. Productions, LLC v. Aftermath Records*, No. CV 07-3314 PSG, 2009 WL 10672273 (C.D. Cal. June 25, 2009) .......... 2, 11

*Fletes v. City of San Diego*, No. 13-cv-2279-JAH (JMA), 2016 WL 6804434 (S.D. Cal. July 1, 2016) .......... 7, 9

*Gardner v. Federal Express Corp.*, 719 Fed.Appx. 559 (9th Cir. 2017) .......... 3

*Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587 (9th Cir. 1990) .......... 10

*Haitayan v. 7-Eleven, Inc.*, No. CV 17-7454-JFW, 2018 WL 5263210 (C.D. Cal. Aug. 31, 2018) .......... 10

*Hamilton v. TBC Corp.*, No. CV 17-1060-DMG, 2020 WL 5982391 (C.D. Cal. Feb. 13, 2020) .......... 5, 7, 9

*Jang v. Sagicor Life Ins. Co.*, No. No. EDCV 17-1563 JGB, 2019 WL 6434934 (C.D. Cal. Oct. 25, 2019) .......... 7

*Jones v. County of El Dorado*, No. 2:17-cv-02128-JAM-KJN, 2020 WL 363916 (E.D. Cal. Jan. 22, 2020) .......... 2

*Jones v. Dep't of Water & Power*, 991 F.2d 803 (9th Cir. 1993) .......... 10

*Mauran v. Wal-Mart Stores, Inc.*, No. 2:16-cv-07808-RGK-JC, 2018 WL 11359178 (C.D. Cal. Jan. 10, 2018) .......... 2

*Morello v. AMCO Ins. Co.*, No. 11-cv-06623, 2014 WL 4978606 (N.D. Cal. Oct. 6, 2014) .......... 10

*Mosavi v. Mt. San Antonio Coll.*, No. LACV 15-04147-VAP, 2018 WL 6219864 (C.D. Cal. Nov. 15, 2018) .......... 9

*Ogbechie v. Covarrubias*,
No. 5:18-cv-00121-EJD, 2021 WL 2865183
(N.D. Cal. July 8, 2021) .......... 5, 7

*Oyarzo v. Toulumn Fire Dist.*,
No. 1:11-CV-01271-LJO, 2013 WL 5718877
(E.D. Cal. Oct. 18, 2013) .......... 3

*Raiser v. San Diego County*,
No. 19-CV-751-GPC, 2021 WL 5234410
(S.D. Cal. Nov. 10, 2021) .......... 7

*Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*,
260 F.3d 1054 (9th Cir. 2001) .......... 10

*Spencer v. Lunada Bay Boys*,
No. CV 16-02129 SJO, 2018 WL 5859513
(C.D. Cal. June 13, 2018) .......... 6

*Stanley v. Univ. of S. Cal.*,
178 F.3d 1069 (9th Cir. 1999) .......... 4

*Zarco v. VWR Internat'l, LLC*,
No. 20-cv-00089-HSG, 2021 WL 5918399
(N.D. Cal. Dec. 15, 2021) .......... 2

*Zayerz v. Kiewit Infrastructure West Co.*,
No. 16-cv-6405-PSG-PJW, 2018 WL 2670705
(C.D. Cal. May 22, 2018) .......... 1, 6, 10

**State Cases**

*Williams v. Chino Valley Independent Fire District*,
61 Cal.4th 97 (2016) .......... 1, 3

**Rules**

Federal Rule of Civil Procedure 11(b) .......... 7

Federal Rule of Civil Procedure 54 .......... 1

Federal Rule of Civil Procedure 54(d) .......... 3

Federal Rule of Civil Procedure 54(d)(1) .......... 2, 3

## I. INTRODUCTION

After prevailing on their Motion for Summary Judgment in its entirety before the Honorable Philip S. Gutierrez, Defendants Bio-Medical Applications of Missions Hills, Inc. and Fresenius Management Services, Inc. ("Defendants") seek to recover **$13,837.20** in costs from Plaintiff Dolores Calderon.[1] Plaintiff's objections are rife with misstatements of both fact and law and all requested costs are recoverable and should be awarded.

First, Plaintiff errs in arguing that costs in FEHA cases are awarded in federal court under the *Williams v. Chino Valley Independent Fire District*, 61 Cal.4th 97 (2016) and *Christianburg Garment Co. v. EEOC*, 434 U.S. 412 (1978) standard. Plaintiff fails to cite a single federal case to that effect—because no such case exists. Rather, as an extensive body of federal case law makes clear, the proper standard for awarding costs in a FEHA claim in federal court is Federal Rule of Civil Procedure 54. Under the Rule 54 standard costs are awarded to a prevailing party as a matter of course.

Second, Plaintiff errs in arguing she has met her burden under *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014) to show that the district court should exercise its discretion to not tax costs. Plaintiff does not and cannot argue that her case is one of substantial public importance or that the case was close or had difficult issues. Judge Gutierrez has explicitly rejected the argument that granting costs in routine civil rights cases has a chilling effect on future potential litigants. *Zayerz v. Kiewit Infrastructure West Co.*, No. 16-cv-6405-PSG-PJW, 2018 WL 2670705, at *2 (C.D. Cal. May 22, 2018). Plaintiff has produced no evidence that paying costs would render her indigent. Economic

---

[1] Defendants originally sought $16,946.05 in costs. After meeting and conferring with Plaintiff's counsel, it was noted that the original invoices for certain depositions did not itemize amounts charged for videotaping the depositions. Defendants have updated itemized invoices for those depositions reducing their request for costs by $3,108.85 to exclude all amounts charged for videographer services.

disparity, alone, is insufficient justification for a district court to exercise discretion to not tax costs.

Third, Plaintiff's argument that the depositions of her husband, son, daughter, and expert witness were not reasonably necessary at the time they were taken and thus not recoverable is without merit. Plaintiff's argument solely focuses on whether those depositions were used in the Motion for Summary Judgment. As Plaintiff concedes in her Objections, that is not the applicable standard. All four individuals were on Plaintiff's final witness list, demonstrating their necessity. *F.B.T. Productions, LLC v. Aftermath Records*, No. CV 07-3314 PSG (MANx), 2009 WL 10672273 (C.D. Cal. June 25, 2009)

Finally, Plaintiff argues that Defendants failed to itemize the invoices for the depositions of Plaintiff's family and expert. Defendants are supplementing their Application to Tax Costs with those itemized invoices and revising their total taxed amount to $13,837.20.

For all these reasons, Defendants request that the Clerk grant Defendants' Application to Tax Costs in full and tax costs in the amount of $13,837.20.

## II. PLAINTIFF HAS NOT MET HER BURDEN TO DEMONSTRATE THAT COSTS SHOULD NOT BE AWARDED (OBJECTION NO. 1)

### A. <u>The Issue of Costs Is Decided Under Federal, Not State, Law</u>

The issue of costs in the context of a FEHA claim is a procedural issue that must be decided under federal law. *Zarco v. VWR Internat'l, LLC*, No. 20-cv-00089-HSG, 2021 WL 5918399, at *2 (N.D. Cal. Dec. 15, 2021); *Jones v. County of El Dorado*, No. 2:17-cv-02128-JAM-KJN, 2020 WL 363916, at *3 (E.D. Cal. Jan. 22, 2020); *Mauran v. Wal-Mart Stores, Inc.*, No. 2:16-cv-07808-RGK-JC, 2018 WL 11359178, at *2 (C.D. Cal. Jan. 10, 2018).

Federal Rule of Civil Procedure 54(d)(1) states: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Plaintiff does not cite to a *federal*

statute, the Federal Rules of Civil Procedure, or a court order to argue against this presumption; rather, Plaintiff points to state case law and a state statute.

Plaintiff's reliance on *Williams v. Chino Valley Independent Fire District*, 61 Cal.4th 97 (2015) is misplaced. Ninth Circuit courts have held that *Williams v. Chino*, which creates an express presumption that courts should award costs to a prevailing defendant in FEHA cases, does not apply in diversity cases. *Gardner v. Federal Express Corp.*, 719 Fed.Appx. 559, 562 (9th Cir. 2017); *English v. Gen'l Dynamics Mission Sys., Inc.*, No. EDCV 18-908 JGB (SHKx), 2020 WL 974876, at *2 (C.D. Cal. Jan. 2, 2020) (collecting cases).

Plaintiff's reliance on *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182 (9th Cir. 2001) is likewise misplaced. *Brown* addresses the standard for awarding costs under a *federal* statute (the Americans with Disabilities Act), not a *state* statute. *Id.* at 1190. Again, as the Ninth Circuit explained, citing to *Brown*:

> An award of costs in federal district court is governed by Federal Rule of Civil Procedure 54(d), even in cases in which state law supplies the law of decision. *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir.2003). Rule 54(d) creates a presumption in favor of awarding costs to a prevailing party as a matter of course, and this rule applies unless there is a *federal* statute with an express provision governing costs. Fed.R.Civ.P.54(d)(1); *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir.2001). [Employee]'s arguments based on the FEHA statute are thus unavailing.

*Cline v. Contra Costa County*, No. 05-15337, 2006 WL 3698678, at *1 (9th Cir. Dec. 13, 2006) (emphasis in original) (affirming decision of the district court to award costs to the employer). *Accord Oyarzo v. Toulumn Fire Dist.*, No. 1:11-CV-01271-LJO, 2013 WL 5718877, at *3 (E.D. Cal. Oct. 18, 2013); *Dep't of Fair Employment & Housing v. Lucent Techs.*, No. C 07-3747 PJH, 2009 WL 1159181, at *3 (N.D. Cal. Apr. 29, 2009).

/ / /

**B. Plaintiff Has Not Met Her Burden to Demonstrate That The Court Should Exercise Its Discretion to Not Award Costs**

It is the burden of the losing party to demonstrate that costs should not be awarded. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). The Ninth Circuit recognizes the following appropriate reasons for reducing or denying costs: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) plaintiff's limited financial resources, and (5) the economic disparity between the parties. *Escriba*, 743 F.3d at 1247-48.

*1. Factor 1: Plaintiff Does Not Argue Nor Can She Show That This Case Has Substantial Public Importance*

The district court in *Ceja-Corona v. CVS Pharmacy, Inc.*, No. 1:12-cv-1703-AWI-SAB, 2015 WL 1276695 (E.D. Cal. Mar. 19, 2015) addressed head-on why Plaintiff cannot show that her case had substantial public importance when the court there denied a plaintiff's request to reject the Clerk's Taxation of Costs. As the district court explained:

> [N]o issue of public importance is served when a Plaintiff who—by her own terms—is unable to work in any capacity files suit against a company that appears to have attempted to reasonably accommodate to her disability for such time as that accommodation allowed her to perform her job.

*Id.* at *4.

That is exactly what occurred here. The Court's order granting the motion for summary judgment ruled that Plaintiff was unable to perform the essential functions of her job—and that Plaintiff had even admitted this fact during her deposition. (Doc. 100 at pp. 9-17.) This fact disposed of three of Plaintiff's claims (disability discrimination, failure to provide a reasonable accommodation, and failure to engage in the interactive process) without Plaintiff having even

established a prima facie case. (*Id.*) Plaintiff's retaliation claim for requesting a reasonable accommodation was disposed of when Plaintiff could not establish pretext, and Plaintiff's derivative wrongful termination claim failed with her other claims. (*Id.* at pp. 18-24.) No matter of public importance was thus served by Plaintiff's case because Plaintiff could not perform her job and could not come up with even the modicum of evidence necessary for her case to go to trial on the retaliation claim. This factor therefore weighs in favor of granting costs.

*2. Factor 2: Plaintiff Does Not Argue Nor Can She Show that This Case Was Close or Had Difficult Issues*

A disability and failure to accommodate case in which the district court grants summary judgment is not a close case. Likewise, the instantcase was disposed of entirely on summary judgment and did not involve difficult or novel issues of law. As the district court in *Ceja-Corona* explained:

> Plaintiff did not litigate in a developing area or clarify existing law; she litigated despite the fact that she could not prove an essential element of a FEHA disability discrimination claim. Along those lines, it does not appear that this case was close or difficult, nor did it present any novel arguments or issues of law. [Citations omitted.] Plaintiff presented a relatively simple claim of disability discrimination but failed to present evidence to show that she could perform her job duties (or any work at all), with or without reasonable accommodation.

*Ceja-Corona*, 2015 WL 1276695, at 4. *See Ogbechie v. Covarrubias*, No. 5:18-cv-00121-EJD, 2021 WL 2865183, at *3-4 (N.D. Cal. July 8, 2021) (issues not closely decided when case decided on summary judgment); *Hamilton v. TBC Corp.*, No. CV 17-1060-DMG (JEMx), 2020 WL 5982391, at *2 (C.D. Cal. Feb. 13, 2020) (same).

The district court in *Ceja-Corona* contrasted the case before it to *Escriba*, where "the case was of public importance because it helped 'establish the parameters of what constitutes sufficient employee notice,' and because 'the case

potentially had a much broader application to the workplace.'" *Ceja-Corona*, 2015 WL 1276695, at 4, quoting *Escriba*, 743 F.3d at 1248.

Plaintiff's case, like that in *Ceja-Corona*, was a straight-forward disability discrimination and failure to accommodate case. There were no broader or novel policy implications. As such, this factor weighs in favor of granting costs.

*3. Factor No. 3: Awarding Costs Will Not Have a Chilling Effect on Future Actions*

Plaintiff's argument that awarding costs will having a chilling effect on future litigation fails. The burden is on plaintiff to submit evidence "that the award would create such a level of burden that other . . . individuals would be dissuaded from bringing otherwise meritorious claims." *Spencer v. Lunada Bay Boys*, No. CV 16-02129 SJO (RAOx), 2018 WL 5859513, at *3 (C.D. Cal. June 13, 2018).

In *Zayerz v. Kiewit Infrastructure West Co.*, No. 16-cv-6405-PSG-PJW, 2018 WL 2670705 (C.D. Cal. May 22, 2018), Judge Gutierrez ruled against the very argument raised by Plaintiff here in the context of a wage-and-hour dispute:

> While safeguarding workers' rights is indeed an important matter, Plaintiff's claims did not raise novel issues or questions of first impression. They did not seek "to extend the wage-and-hour laws to a large class of people who are not currently protected by them," nor did Plaintiff's claims "present[] a question of first impression." [Citation.] Rather, he asserted common wage-and-hour claims, and he does not elaborate upon what was novel or significant about them. [Citations.] The Court does not, therefore, agree that taxing costs in this case would chill future rights-oriented litigation.

*Id.* at *2.

Likewise, Plaintiff here asserted common disability discrimination and failure to accommodate claims. Her claims did not raise novel issues or questions of first impression. An imposition of costs will not chill future rights-oriented litigation, and therefore this factor weighs in favor of granting costs.

4. *Factor No. 4: Plaintiff Has Presented No Evidence That She Has Limited Financial Resources*

Plaintiff is required to submit **evidence** showing financial hardship. *Chew v. City & County of San Francisco*, 714 Fed.Appx. 687, 693 (9th Cir. 2017). Argument absent evidence is insufficient. *Hamilton*, 2020 WL 5982391, at *3; *Fletes v. City of San Diego*, No. 13-cv-2279-JAH (JMA), 2016 WL 6804434, at *2-3 (S.D. Cal. July 1, 2016). Evidence means financial documents regarding Plaintiff's assets, income, expenses, and liabilities. *Earle v. Unum Life Ins. Co. of Am.*, No. CV 19-2903-JFW(AFMx), 2020 WL 12918328, at *2 (C.D. Cal. Dec. 21, 2020); *Jang v. Sagicor Life Ins. Co.*, No. No. EDCV 17-1563 JGB (KKx), 2019 WL 6434934, at *3 (C.D. Cal. Oct. 25, 2019); *Fletes*, 2016 WL 6804434, at *2. No evidence regarding Plaintiff's financial status was produced in her Objections.

Moreover, the proper inquiry is whether paying costs will render Plaintiff indigent. *Ogbechie*, WL 2865183, at *4; *Ceja-Corona*, 2015 WL 1276695, at *2. *Accord Raiser v. San Diego County*, No. 19-CV-751-GPC, 2021 WL 5234410, at *2 (S.D. Cal. Nov. 10, 2021) (denying costs where plaintiff homeless and living out of his car).

Here, Plaintiff does not argue that an award will render her indigent. Rather, Plaintiff merely argues that there is an economic disparity between the parties because Plaintiff is unemployed and does not have any health insurance. (Doc. 105 at pp. 3:25 – 4:1.) The argument that she lacks health insurance is patently false. Plaintiff's own expert confirmed in his written report (based on his 3 hour and 45-minute interview of Plaintiff on October 8, 2021) and multiple times in his deposition on February 14, 2022, that Plaintiff obtained health insurance through Covered California approximately one month prior to his evaluation of her.[2] (Doc.

---

[2] Plaintiff's argument in her Objections that she is uninsured violates Federal Rule of Civil Procedure 11(b): "By presenting to the court a pleading, written motion, or other paper, . . . an attorney . . . certifies that to the best of the person's

92 at pp. 42 (second full paragraph) and 52 (first whole paragraph); Groden Decl., ¶7, Ex. 44 at pp. 81:4-6, 107:17-24, 109:19 – 110:4.)

Moreover, Plaintiff conveniently omits her other financial resources. First, Plaintiff and her husband filed a lawsuit against Susan and Kenneth Heck in Los Angeles Superior Court on November 12, 2019. (Doc. 104-3, Ex. B at pp. 17-22.) A Notice of Settlement was filed on September 3, 2021. (Doc. 104-3, Ex. C at pp. 24-26.) While the terms of Plaintiff's settlement were not publicly disclosed, this is a source of income for Plaintiff which can properly be used to pay for attorneys' fees. *Ceja-Corona*, 2015 WL 1276695, at *4-5 (ruling plaintiff had means to pay costs in lawsuit because she received an award in another lawsuit shortly before).

Second, Plaintiff's counsel Rahul Sethi submitted a declaration under penalty of perjury that Plaintiff owns **two** homes. (Doc. 67 at p. 5, ¶2.) However, when Plaintiff testified in her deposition about her home and her monthly mortgage payment, she only answered for a single home. (Doc. 92, Ex. B at pp. 27:25 – 28:5.) Plaintiff also only expressed concern during her deposition about how she would pay for her singular "house payment". (*Id.* at pp. 30; 20 – 31:1.) Thus, Plaintiff appears to own a second house at which she does not live and which is not dependent on her income. This suggests the house is either paid off or being financed through rental income or some other source. If the former, any suggestion that Plaintiff would be left indigent for having to pay costs is therefore without merit. If the latter, then Plaintiff lied at her deposition; when specifically asked about other sources of income, Plaintiff failed to include rental income. (Doc. 92,

---

knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: [¶] . . . (3) the factual contentions have evidentiary support . . ."

Plaintiff's counsel knows their contention that Plaintiff is uninsured is false and directly contradicted by Plaintiff's own expert report and Plaintiff's expert's deposition testimony. Rahul Sethi, who signed the Objections, was directly sent the expert report and was present at the deposition of Plaintiff's expert. (Doc. 92 at p. 39; Groden Decl., ¶7, Ex. 44 at p. 3:8-12.)

Ex. B at p. 29:19-22.) Regardless, this underscores why Plaintiff was required to provide evidence regarding her assets, income, expenses, and liabilities, which she failed to do. *Fletes*, 2016 WL 6804434, at *2.

Third, Plaintiff's household has income because Plaintiff's husband receives $893.74 every two weeks for the duration of his life. (Doc. 91, Ex. D at pp. 59:22 – 60:4.) Plaintiff did not reveal this source of income during her deposition despite portraying herself in deposition, to one of her healthcare providers, and to her own expert as to the sole source of income for her household aside from unemployment benefits and some mortgage assistance from her children. (Doc. 91, Ex. A at pp. 13:19-22, 14:20 – 15:1; Ex. B at Ex. 1 at p. 35; Ex. C at p. 54.)

Given all of this, Plaintiff has failed to present evidence of limited financial resources. Rather, the evidence is that Plaintiff has numerous financial resources which she omitted from her Objections. Thus, like the prior factors, this factor weighs in favor of granting Defendants their costs.

*5. Factor No. 5: Plaintiff's Economic Disparity Argument Is Not A Sufficient Basis to Decline to Award Costs*

The fact that Defendants are corporations and presumably have more resources is not, in and of itself, a sufficient basis to deny costs. *Hamilton*, 2020 WL 5982391, at *3; *Mosavi v. Mt. San Antonio Coll.*, No. LACV 15-04147-VAP (AFMx), 2018 WL 6219864, at *4 (C.D. Cal. Nov. 15, 2018). "[E]conomic disparity between the parties is often considered in conjunction with the plaintiffs' ability to pay." *In re 5-Hour Energy Mktg. & Sales Practices Litig.*, No. ML 13-2438 PSG (PLAx), 2018 WL 11354865, at *2 (C.D. Cal. Sept. 11, 2018) (denying plaintiff's motion to deny the taxation of costs).

Plaintiff cites no evidence for her claim that "Fresenius" is a Fortune 500 company. Defendant Fresenius Management Services, Inc. provides human resources support for dialysis clinics, including Defendant Bio-Medical Applications of Mission Hills, Inc. (*See* Doc. 62-4 at p. 219, ¶2.) Additionally,

Plaintiff fails to address at all Defendant Bio-Medical Applications of Mission Hills, Inc., which is a single dialysis clinic in California. (*Id.* at p. 212, ¶2.)

Regardless, "Fresenius" being a Fortune 500 company is not a basis to deny costs. Judge Gutierrez has taxed costs in favor of a corporate defendant despite that plaintiff argued it was a Fortune 300 company with more than $9 billion in revenue while plaintiff had been unemployed for more than six months. *Zayerz*, 2018 WL 2670705, at *2-3. As Judge Gutierrez explained, "courts in this District routinely tax costs in favor of corporate defendants against individual plaintiffs." *Id.* at *2.

With the exception of some economic disparity between the Parties—which, alone, is not sufficient to deny granting costs to Defendants—all other factors weigh in favor of granting costs. Thus, Plaintiff has not and cannot meet her burden to establish any basis for the Court to exercise its discretion to deny costs.

## III. DEPOSITION COSTS ARE PROPERLY RECOVERABLE UNDER THE LOCAL RULES (OBJECTION NO. 2)

The Ninth Circuit has long held that district courts may award deposition costs even if not used at trial or for the disposition of the case. *Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1061 (9th Cir. 2001); *Jones v. Dep't of Water & Power*, 991 F.2d 803 (9th Cir. 1993); *Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990).

"The fact that the depositions were not ultimately used in the summary judgment briefing has no bearing on the allowability of the costs." *Morello v. AMCO Ins. Co.*, No. 11-cv-06623, 2014 WL 4978606, at *2 (N.D. Cal. Oct. 6, 2014) (denying motion to strike bill of costs for deposition transcripts). "Costs for depositions and subpoenas should be awarded as long as they were **<u>reasonably necessary at the time</u>** they were incurred, regardless of whether they ultimately proved necessary to the disposition of the action." *Haitayan v. 7-Eleven, Inc.*, No. CV 17-7454-JFW (JPRx), 2018 WL 5263210, at *2 (C.D. Cal. Aug. 31, 2018) (emphasis added).

In *F.B.T. Productions, LLC v. Aftermath Records*, No. CV 07-3314 PSG (MANx), 2009 WL 10672273 (C.D. Cal. June 25, 2009), Judge Gutierrez ruled that the deposition transcripts for four of plaintiff's witnesses who were on plaintiff's witness list—even though ultimately not called at trial—were properly taxed to defendants as reasonably necessary. *Id.* at *2-3. Judge Gutierrez even noted that one of the four's testimony was excluded through a motion in limine, and the defendants could not have prepared for trial by bringing their motion in limine without the transcript. *Id.* at *4. Yet he still awarded such costs.

Plaintiff does not even attempt to argue that the depositions of Plaintiff's family members and expert were not reasonably necessary at the time they occurred. She instead focuses on whether they were necessary for the resolution of the case through summary judgment. This is because Plaintiff cannot meet the actual legal standard as the depositions of Plaintiff's family members and expert were all reasonably necessary for the same reasons as set forth by Judge Gutierrez in *F.B.T. Productions*. All three family members and Plaintiff's expert were listed on Plaintiff's final witness list. (Doc. 84 at p. 2:16-21.)

The testimony of Plaintiff's family was appended to Defendants' Motion in Limine No. 3 to prevent their lay testimony regarding the causes of Plaintiff's emotional distress. (Doc. 73.) Plaintiff opposed that motion and made clear that she intended for her family members to testify regarding "Plaintiff's mood, demeaner, habits, and changes thereto as well as when and also why these changes occurred." (Doc. 94 at p. 2:12-14.) Further, testimony from Plaintiff's husband was included in the opposition to Plaintiff's second motion in limine and Defendants' Motion in Limine No. 5 sought to preclude Plaintiff's expert from introducing opinion testimony which exceeded the scope of his report and deposition. (Doc. 76, 91)

Thus, even though the case did not reach trial and the Court did not rule on the motions in limine because the Court disposed of the entire case on summary judgment, such depositions were reasonably necessary *at the time they occurred* in

order for Defendants to sufficiently prepare for trial. If the case had not resolved on summary judgment, the deposition transcripts would have been considered in the Court ruling on motions in limine, Plaintiff's family and her expert would have testified at trial in support of her claims, and the transcripts would have been necessary for further trial preparation and potentially impeachment.

## IV. DEFENDANTS ARE PROVIDING SUPPLEMENTAL ITEMIZED INVOICES FOR EXHIBITS 35-37 AND 42 TO SHOW WHICH PORTIONS ARE RECOVERABLE (OBJECTION NO. 3)

With this reply, Defendants are attaching itemized invoices for the depositions of Efrain Calderon, Evelyn Calderon, Jason Calderon, and Bennett Williamson, Ph.D. to supplement the unitemized invoices attached to the original Application. (Groden Decl., ¶¶2-5, Ex. 35-A, 36-A, 37-A, and 42-A.) Additionally, Defendants have updated the chart which they attached to the Application to Tax Costs showing the total costs attributable to each category. (Doc. 103 at pp. 5-6.) By reducing their request for costs by $3,108.75 to exclude all amounts charged for videographer services at the above-mentioned depositions, a revised total of $13,837.20 in costs are recoverable by Defendants. (Groden Decl., ¶6, Ex. 43.)

## V. CONCLUSION

For the foregoing reasons, Defendants request that the Clerk grant their Application to Tax Costs and tax $13,837.20 in costs against Plaintiff.

Dated: March 18, 2022

Respectfully submitted,

**FISHER & PHILLIPS LLP**

By: /s/ Darcey M. Groden
Regina A. Petty
Amy L. Lessa
Darcey M. Groden
Attorneys for Bio-Medical Applications of Mission Hills, Inc., and Fresenius Management Services, Inc.

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On March 18, 2022 I served the foregoing documents entitled **DEFENDANTS' REPLY BRIEF IN SUPPORT OF APPLICATION TO THE CLERK TO TAX COSTS** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| ***E-Service Agreement in Place***<br>Ben J. Galante (SBN 231394)<br>GALANTE LAW, INC.<br>2181 East Foothill Boulevard, Suite 101<br>Pasadena, California 91107 | Telephone: (213)785-1900<br>Facsimile: (213)867-9900<br>E-Mail: ben@galantelawinc.com<br>Co-Counsel for Dolores Calderon |
| ***E-Service Agreement in Place***<br>Rahul Sethi (SBN 238405)<br>SETHI LAW FIRM<br>5015 Eagle Rock Boulevard, Suite 202<br>Los Angeles, California 90041 | Telephone: (213)254-2454<br>Facsimile: (213)995-5400<br>E-Mail:<br>rahulsethi@sethiworks.com<br>Co-Counsel for Dolores Calderon |
| J. Bernard Alexander (SBN 128307)<br>ALEXANDER MORRISON + FEHR LLP<br>1900 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067 | Telephone: (310) 394-0888<br>Facsimile: (310) 394-0811<br>E-Mail: balexander@amfllp.com<br>Co-Counsel for Dolores Calderon |

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed March 18, 2022 at San Diego, California.

Kris O'Connor — Print Name

By: [signature] Kris O'Connor — Signature