1 | BEN J. GALANTE (SBN 231394)
  | *ben@galantelawinc.com*
2 | GALANTE LAW, INC.
3 | 2181 E. Foothill Blvd., Suite 101
  | Pasadena, CA 91107
4 | T: (213) 785-1900
5 |
6 | RAHUL SETHI (SBN 238405)
  | *rahulsethi@sethiworks.com*
7 | 5015 Eagle Rock Blvd., Suite 202
  | Los Angeles, California 90041
8 | T: (213) 254-2454
9 |
10 | Attorney for Plaintiff, DOLORES CALDERON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| DOLORES CALDERON, | Case No.: 2:20-cv-07689-PSG-JEM |
|---|---|
| Plaintiff, | **DECLARATION OF RAHUL SETHI INS SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES** |
| vs. | |
| BIO-MEDICAL APPLICATIONS OF MISSION HILLS, INC., *et al.* | Date:   April 22, 2022 |
| Defendants. | Time:   1:30 p.m. |
| | Place:  Courtroom 6A |
| | United States District Court |
| | 350 W. First Street |
| | Los Angeles, CA 90012 |

DECLARTATION OF RAHUL SETHI

# DECLARATION OF RAHUL SETHI

I, Rahul Sethi, hereby declare:

1. I am an attorney at law, duly licensed to practice in California and the United States District Court for the Central District of California. I am an attorney of record for plaintiff Dolores Calderon. I have personal knowledge of the foregoing facts and if called upon as a witness under oath, I could and would testify competently thereto.

2. Fresenius's counsel never asked informally asked Calderon to dismiss the case. Counsel did not reach out following Calderon's deposition and discuss dismissal of the case for being frivolous. Fresenius's counsel did meet and confer prior to filing the motion for summary judgment. The meet and confer letter is attached to their moving papers.

3. Instead, following Calderon's deposition, the parties moved forward with depositions as they had been scheduled. Calderon took Ms. Akram and Ms. Lyons deposition prior to a June mediation. Thereafter, Calderon took depositions of Mr. Hayden and much later, of Ms. Lillibridge.

4. On or about August 2021, Fresenius took depositions of Calderon's family members. The questioning related to Calderon's emotional distress damages and past history. The questioning went into issues of emotional distress damages. I don't believe the family members testimony was used in the motion for summary judgment.

5. Fresenius's counsel indicated they would retain Dr. Cohen as an expert to explore Calderon's emotional distress. That was one of the reasons the family members depositions were taken prior to examination of Calderon by Dr. Cohen. Naturally, Calderon retained her own expert, Dr. Williamson. Further, at some point in September 2021, the parties agreed to mediate this dispute a second time. The mediation took place a few days before the opposition to the motion for summary

judgment was due.

6. Fresenius treated Calderon's claims as a worthy case that must be fought hard. Fresenius fought hard and ultimately prevailed.

7. At some point in Fall 2021, Mr. Galante and I discussed the taking of a PMK deposition on the integrated enterprise issue with defense counsel. We agreed to postpone a PMK deposition until a certain period after the second mediation.

8. While the PMK deposition never went forward, we believed we had sufficient evidence of integrated enterprise stemming from documents filed in the case, Calderon's personnel file, emails between Fresenius employees, as well as their deposition testimony. Also, we were in a time crunch following the second mediation and had to prepare for trial.

9. Fresenius Management Services, Inc. did not send interrogatories to Calderon requesting factual support nor did Fresenius delve into integrated enterprise issues at Calderon's deposition

10. It should be noted too that counsel for both parties met and conferred and ultimately streamlined the case to two entities. Fresenius was taking the position that Bio-Medical Applications of Mission Hills, Inc., was the sole employer. This position did not jive with her personnel and payroll records which indicated other entities. As pointed by Mr. Mello, there are thousands of entities Fresenius has. While we named a few others entities, ultimately, we were able to sort out the two entities that we believed were necessary for the integrated enterprise theory and to adequately litigate Calderon's claims.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 1, 2022 at Los Angeles, California.

_____
RAHUL SETHI